GILBERT SKINNER *vs.* EDMUND WATSON.

The act of 1866, providing that in actions of trespass tried in the Superior Court, if the plaintiff shall fail to recover more than thirty-five dollars damages he shall recover no more costs than damages, contains the following proviso :—" Provided that when the defendant shall remove such action by appeal from a justice of the peace to the Superior Court, the plaintiff on recovering judgment against the defendant shall recover full costs."   Held that the proviso was not retrospective, and did not apply to an appeal pending at the time the act was passed.

TRESPASS, brought originally before a justice of the peace, who rendered judgment for the plaintiff to recover twenty dollars damages, and appealed by the defendant to the Superior Court in Hartford County, in which the plaintiff recovered only one dollar damages.   After the case was appealed and before it was tried in the Superior Court, the General Assembly, in the year 1866, passed the following act :   " In all actions of trespass and trespass on the case tried in the Superior Court, if the damages found by the verdict of the jury or otherwise shall not exceed thirty-five dollars, the plaintiff shall recover no more cost than damages, unless the title of

land, the right of way, or the right to the use of water is in question ; provided, that when the defendant in either of the actions aforesaid shall remove such action by appeal from a justice of the peace to the Superior Court, the plaintiff, on recovering judgment against the defendant, shall recover his full costs of suit."

The Superior Court, (*Pardee, J.,*) allowed no cost to the plaintiff, under a statute existing when the act of 1866 was passed, and the plaintiff filed a motion in error, assigning this ruling of the court as error, and brought the record before this court.

*Calhoun*, for the plaintiff.

*Sill*, for the defendant.

CARPENTER, J. The statute of 1866 was doubtless intended to apply, and does apply, to all actions of trespass and trespass on the case tried in the Superior Court. All such actions not within the proviso are subject to the operation of the body of the act. As the plaintiff recovered one dollar damages, he is entitled to costs, either a sum equal to the damages under the body of the act, or full costs under the proviso. The court refused to tax costs. The error assigned is, that the "court erred in refusing to render judgment for the plaintiff to recover his full costs of suit." If the plaintiff is entitled to nominal costs only, he does not ask that the judgment be reversed. The only question then is, whether this case is within the proviso to the act. If it is, the judgment is erroneous ; if not, it is agreed that the judgment shall stand. The proviso is as follows : "*Provided*, that when the defendant in either of the actions aforesaid shall remove such action by appeal from a justice of the peace to a Superior Court, the plaintiff, on recovering judgment against the defendant, shall recover his full costs of suit." This case was appealed before the passage of the act, but was tried afterwards. In the case of *The Thames Manufacturing Company* v. *Lathrop*, 7 Conn., 550, it was decided that an act of the General Assembly ought

not to have a retrospective operation, unless so declared in the most unequivocal manner. The same doctrine was held in *Perkins* v. *Perkins*, 7 Conn., 558. In *Taylor* v. *Keeler*, 30 Conn., 324, the court held that the act of 1859, providing "that in all cases in which the plaintiff in an action at law recovers only nominal damages, the court may at its discretion allow costs to the plaintiff, or the defendant, or to neither party," applied to actions then pending, that being manifestly the intention of the legislature. In that case the general doctrine of the cases in the 7th Conn., is recognised and approved.

It seems therefore to be the settled law of this state, that a statute is not to be so construed as to have a retro-active effect, unless it appears that such was the manifest intention of the legislature. We are not satisfied that the legislature intended that the statute now before us should have such an effect. The language used clearly implies future time, and refers to actions which should be thereafter removed by appeal. Had it been intended that the proviso should embrace appeals then pending, such an intention could easily have been expressed, and it is reasonable to presume that the legislature would have clearly expressed it. The fact that there is nothing in the language of the act to indicate such an intention, is strong evidence that it did not exist.

The case of *Perkins* v. *Perkins* seems to be directly in point. A statute provided "that whenever any action *shall be brought* to recover a penalty," &c., "an appeal shall be allowed." The court held that it did not apply to an action commenced a few days before the act took effect.

If we were to be governed by the equities of this particular case we should come to the same conclusion. The Superior Court reduced the damages from twenty dollars, the sum allowed by the justice, to one dollar. Supposing that the statute, (Gen. Statutes, p. 41 sec. 196,) was applicable to the case, the judge exercised his discretion by refusing to tax costs. We think he exercised a sound discretion, and did substantial justice. Equitable considerations then do not require us to

Sharps' Rifle Mfg. Co. v. Rowan.

strain the interpretation of this proviso, in order to bring this case within its provisions.

We do not find error in the judgment complained of.

In this opinion the other judges concurred.