<hr />

EDWIN N. HUBBARD *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

First Judicial District, Hartford, May Term, 1898. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

In an action to recover for the destruction of property, without malice, the measure of damages is the market value of the property destroyed at the date of its destruction. No deduction from this value can be allowed the defendant upon the ground that if he had not destroyed the property the plaintiff would have subsequently lost a portion of it by other causes.

Chapter 220 of the Public Acts of 1897 provides that in a hearing in damages after a default or demurrer overruled, the defendant shall not be permitted to offer evidence to contradict the allegations of the plaintiff's complaint, unless he shall have given written notice of his intention so to do and of the subject-matter which he intends to contradict; and that the judges of the Superior Court shall make rules as to the form of such notices and manner of filing the same. *Held* that the Act prescribed a mere rule of procedure and affected pending suits as soon as, but not until rules had been made by the judges.

[Argued May 3d—decided June 1st, 1898.]

ACTION to recover damages for the destruction of two ice-houses and their contents, claimed to have been set on fire by a locomotive of the defendant, brought to the Superior Court in Middlesex County and heard in damages to the court, *Robinson, J.;* facts found and judgment rendered for the plaintiff for $2,964, and appeal by each party for alleged errors in the rulings of the court. *Error on plaintiff's appeal and new trial granted; also error in expunging defendant's notice of evidence in contradiction.*

The case is sufficiently stated in the opinion.

*Hiram R. Mills* and *Wesley U. Pearne*, for the appellant (plaintiff).

*Clarence E. Bacon*, for the appellant (defendant).

ANDREWS, C. J. There is error on the plaintiff's appeal. In any case where it is established that a party is entitled to recover damages for an injury done to his property without malice, the quantum of damages is to be computed as of the day the injury was done. In this case, it being conceded by the default that the plaintiff was entitled to have some amount of damages, the only question on which the court could decide was, how much? In respect to the ice, this question could be answered by ascertaining the number of tons there were in the houses on the day the fire took place, and its market price on that day. The court found the price to be, on the day of the fire, eighty cents per ton. But in ascertaining the number of tons for which the plaintiff is to be paid, the court, instead of taking the number of tons then in the houses, has taken only the number of tons which it estimated would remain on hand at the end of the next summer. This is error. The plaintiff is entitled to be paid for all the ice then in the ice-houses—less what was saved, if any—at its then market price. *Parrott* v. *Housatonic R. Co.*, 47 Conn. 575; *Regan* v. *New York & N. E. R. Co.*, 60 id. 124, 143; *Hurd* v. *Hubbell*, 26 id. * 389; *Cook* v. *Loomis*, ibid. 483; *Oviatt* v. *Pond*, 29 id. 479; 2 Sedgwick on Damages, 368. The defendant, having destroyed the plaintiff's property on a certain day, cannot justly be exempted from payment by alleging, or even showing, that if it had not destroyed the property the plaintiff subsequently would have lost it in some other way.

The only assignment of error on the defendant's appeal, though stated in various forms, is that the court erred in holding that the Act of 1897 (Chap. 220, Public Acts of 1897) applied to this case, and ordering the notice filed by

the defendant to be expunged from the record. The defendant says that that Act affects only such actions as were brought subsequently to its passage, as is provided by § 1 of the General Statutes. On the other hand, it is urged that the Act in question does no more than make a rule of procedure; that is, a rule according to which, on the trial of a cause, evidence is to be admitted or rejected, and that rules of procedure must, and do, affect all trials alike, whether the cause was brought before or after the making of the rule; as, for instance, the statute passed a few years ago, that counsel should stand during the examination or cross-examination of a witness, and its repeal a year or two later. It was holden in practice that that Act, as well as its repeal, applied to all trials, irrespective of the time when the action was brought. We are inclined to think this is the proper construction to be put on the Act of 1897.

That Act, in its second section, provided that the judges of the Superior Court should make such rules as to the manner of filing the notice required to be given, and as to the form thereof, as they should deem proper. At the time the trial of this cause was had no such rules had been made. And although, so far as the legislature was concerned, the Act went into effect on the 15th day of July, 1897, it was not operative, so far as to affect an action pending, for the reason that the rules had not then been made. We think, therefore, that there was a nominal error in ordering the motion filed by the defendant to be expunged.

There is error on the plaintiff's appeal and a new trial is granted. There is also error in the order expunging the notice filed by the defendant; the order is reversed, and the notice should be restored to and be made a part of the files of the case.

In this opinion the other judges concurred.