# IGNATIUS ZALEWSKI *vs.* THE WATERBURY MANUFACTURING COMPANY.

Third Judicial District, Bridgeport, October Term, 1914.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Under chapter 146 of the Public Acts of 1913 either party has a right to examine the jurors individually as to their interest and qualifications to act in the cause, and if this right is distinctly claimed and denied by the trial court, such ruling may be assigned as error in the reasons of appeal, although no formal exception was taken to it at the time.

Aside from the instances provided for by rule or statute (Rules of Court, p. 236, § 116, General Statutes, §§ 795, 796), a formal exception is not a condition precedent to the revision of the rulings of the lower court made in the course of the trial.

The Act of 1913 relates to a detail of procedure and applies to suits pending at the date of its enactment.

Error in a mere matter of procedure is not one which requires this court to grant a new trial, regardless of whether the question is properly presented on the record.

Argued November 6th—decided December 21st, 1914.

ACTION to recover damages for personal injuries alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Williams, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

The plaintiff was employed in the defendant's factory as a pressman, and was injured by the punch falling on his hand. The plaintiff claimed, and offered evidence to prove, that the accident was caused by a defective condition of the clutch and the attachments and gearing connected with the treadle.

After the jury had been impanelled, plaintiff's counsel, a member of the New York bar, asked permission to examine the jurors individually as to their

interest and qualifications to act as jurors in the cause, and the trial judge declined to allow any examination of the individual jurors, stating that it rested in the discretion of the trial judge whether or not to allow such examination in a civil cause, and that the practice was not to allow it except for special reasons. Counsel made several ineffectual attempts to induce the trial judge to allow specific questions to be put, and, after repeated refusals, submitted to the ruling without taking any exception.

Neither the court nor any of the counsel appear to have had actual knowledge of chapter 146 of the Public Acts of 1913, p. 1756, then in force, giving either party a right to so examine jurors in civil causes.

*Charles A. Ludlow* of New York City, and *Francis J. Hogan,*[*] for the appellant (plaintiff).

*E. Henry Hyde,* for the appellee (defendant).

BEACH, J. The only assignment of error we deem it necessary to discuss relates to the refusal of the court to permit counsel to examine the jurors individually, in accordance with the Act of 1913.

It is necessarily admitted, in view of the statute, that the ruling of the court was erroneous, and the real question is whether the point of law has been lost or waived by the appellant submitting to the ruling without taking an exception. We think there was no intentional waiver, and that what was said in submitting to the ruling must be understood as spoken in view of the trial court's statement that it was a matter of discretion, and in the belief that the point had already been pressed as far as the court was disposed to permit counsel to go.

---

[*] Mr. Hogan had no connection with this case until it reached this court on appeal.

Before discussing the question whether an exception was necessary, it is to observed that the statute does not govern the substantive rights of the parties, as was the case in *Cunningham* v. *Cunningham,* 72 Conn. 157, 44 Atl. 41, where a demurrer to the complaint was sustained on the ground that it did not state a cause of action, although the statute, which was overlooked, expressly gave a right of action under the facts alleged. The statute here in question merely governs a detail of procedure, and the error is not one which would require this court to order a new trial on that ground regardless of whether the question was properly presented on the record. It should also be observed that the statute on its face applies to all civil actions, and does not exclude pending suits; so·that the plaintiff was entitled to the benefit of it, although his suit was brought some time before the statute was enacted. *Neilson* v. *Perkins,* 86 Conn. 425, 427, 85 Atl. 686; *Lew* v. *Bray,* 81 Conn. 213, 217, 70 Atl. 628; *Atwood* v. *Buckingham,* 78 Conn. 423, 426, 62 Atl. 616.

We do not think an exception was necessary in this case. None ·is expressly required by any statute or rule of court. Section 116 of the rules of the Superior Court (Practice Book, 1908, p. 236) provides that no ruling relating to the reception or rejection of evidence will be reviewed, unless the record discloses that an exception was taken. This is the only rule requiring exceptions to be taken to the rulings of trial courts, and its limited scope is significant. Sections 795 and 796 of the General Statutes require exceptions to be taken to the refusal of the trial court to correct a finding, in case the procedure indicated in those sections is to be followed on appeal. There is also a·general requirement, expressed in § 115 of the rules of the Superior Court (Practice Book, 1908, p. 235), that if counsel intends to raise any question of law which may be the

subject of an appeal to the Supreme Court of Errors, he must state the same distinctly, and in such time as to give the opposite counsel time to discuss the same, and must request the court to take note of the point. The plaintiff complied with this rule.

Apart from the rules and statutes already referred to, there is no requirement that an exception must be taken to the rulings of the trial court, made in the progress of the trial, as a condition precedent to the review of such rulings in this court. Rulings on evidence are so numerous and so indiscriminately made, and must be so summarily disposed of, that the objecting party ought properly to be required to notify the court what objections are relied on, so as to give opportunity for second thought, and possible correction then or at a later stage of the trial. But the same considerations do not apply to the comparatively infrequent rulings of other kinds which are made after the precise question of law has been specifically called to the attention of the court and after opportunity for discussion. In such a case there seems to be no inherent necessity, under our modern system of appeals, for requiring a formal exception to the ruling as a condition precedent to the assignment of error founded thereon. At the common law the only way in which an error committed in the course of the trial could be brought to the attention of an appellate court was by a bill of exceptions, because no rulings of the trial court appeared in the record, unless excepted to. Under that practice the primary object of the exception was to preserve the ruling in a bill of exceptions, and thus bring it within the cognizance of the appellate court; although the exception doubtless served the additional purpose, already referred to, of informing the trial court that its ruling was so preserved, and giving an opportunity for possible correction.

Under our system of appeals the exception is no longer necessary as a mode of preserving the ruling of the trial court, for that is done by the finding; and, except as to rulings on evidence, which we specially provide for under the rules, § 116, the exception is of little value as giving the trial court an opportunity to correct its ruling. We have never been insistent on requiring exceptions to be taken to rulings of the trial court other than rulings on evidence. We require neither objections nor exceptions to be taken to the charge of the court to the jury, or to its refusals to charge as requested, but allow errors to be assigned without such exceptions either as to the charge or the refusals to charge. So long as this practice prevails, it cannot be said that we have any declared policy which would require us to hold that an exception was necessary in this case. Here the plaintiff's claim was distinctly presented and the erroneous ruling made after full discussion and deliberation. Only the formal word "except" is lacking, and as the ruling was put on the ground that the matter was within the discretion of the court, it may be that an exception was deemed inappropriate. We put the case, however, on the ground that, except in the instances provided for by rule or statute, a formal exception is not a condition precedent to the revision of the rulings of the trial court made in the course of the trial.

There is error and a new trial is ordered.

In this opinion the other judges concurred.