MAY BAKER vs. MARIA PARADISO.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 3d—decided November 8th, 1933.

*Richardson Bronson* and *J. Warren Upson,* for the appellant (defendant).

*Clayton L. Klein* and *Walter W. Walsh,* for the appellee (plaintiff).

HINMAN, J.  The complaint alleged and an amended answer admitted that an automobile owned by the defendant was negligently driven by her son, Tony Prigioniero, and collided with a car in which the plaintiff

was riding. On the trial the plaintiff offered uncontradicted evidence of injuries sustained thereby and their extent and consequences. It was alleged, further, that the defendant kept her automobile for the use and convenience of her family, and that, at the time, it was being operated by her son with her knowledge and consent. Denial of these allegations raised the issues of fact which were contested on the trial.

The accident occurred on December 21st, 1930, and this action was returnable the first Tuesday of March, 1931. General Statutes, Cum. Sup. 1931, § 600a, which is printed as a footnote, took effect April 29th, 1931. It appears from the finding that, relying upon the presumption provided by this statute, the plaintiff offered in chief no evidence of the driver's authority other than the admitted fact of his relationship to the defendant owner. The defendant moved a nonsuit which was denied, the trial court ruling the statute applicable. Thereupon the defendant offered her own testimony that she purchased and maintained the car for her own use only, that she retained the keys to the garage and the car and had no knowledge that her son Tony had keys thereto in his possession, and that she never gave him permission to operate it and was not aware that he did so.

The plaintiff, in rebuttal, offered evidence to prove and claimed to have proved that the defendant's family consisted of herself, her son Tony, aged nineteen, another son, Rocco, under sixteen, and a minor daughter. Until August 11th, 1930, after which date Rocco

"Sec. 600a. EVIDENCE OF AUTHORITY OF THE OPERATOR OF A MOTOR VEHICLE. Proof that the operator of a motor vehicle was the husband, wife, father, mother, son or daughter of the owner, shall raise a presumption that such motor vehicle was being operated as a family-car within the scope of a general authority from the owner, and shall impose upon the defendant the burden of rebutting such presumption."

was absent from home, John Mucci drove the car, and all the orders and instructions concerning its use were given to him by Rocco. After Rocco left, Mucci drove the car on several occasions and all directions concerning its use were given by Tony. The defendant did not at any time give Mucci any instructions or directions concerning the use of the car. Sometimes the defendant rode in the car; Tony was always present except on one occasion when the defendant gave Mucci permission to use the car for himself. The garage in which the car was kept was located a short distance from the defendant's house and was locked as was the car. On all occasions Tony had keys to the garage and the car and unlocked them. The defendant's car had been used on four successive Sundays for a trip to New Haven by Tony, Mucci, and Alfred Sacco. These trips had all been taken at the request of Tony and under his direction, Mucci driving. On Saturday evening, December 20th, 1930, Tony asked Mucci to get a battery for the car and the next day they, accompanied by Sacco, who was invited by Tony, and two girls went again to New Haven. Tony had previously driven the car and was driving on the way back from New Haven when the accident occurred. The plaintiff claimed to have proved by inference from the facts in evidence that the defendant's car was maintained by her for the pleasure and use of her family and that the son Tony used and operated it with her knowledge and consent and under a general authority to do so.

In the foregoing statement we have given the appellant the benefit of such corrections of the finding as she is entitled to and which might be material to the only purpose served by the finding which, in a jury case, "is not a determination of facts as such, but only a narrative statement of what evidence was offered to prove and what the party claims was proved either di-

rectly or by inferences reasonably drawn. Its sole purpose is to enable the presentation of claimed errors in the charge and rulings of the court." *Peterson* v. *Meehan,* 116 Conn. 150, 153, 163 Atl. 757. This being the nature and only office of the finding, the appellant cannot raise, by means of assignments for its correction, factual issues which would properly be presented only under an assignment of error in refusal to set aside the verdict. As the latter assignment is not made on this record, the ruling on the motion to set aside the verdict and the question, which would only be appropriate under it, whether the jury might reasonably find, by inference from facts in evidence, that the defendant's was a family-car and her son authorized to operate it, are not presented by the appeal. Rules for Appellate Procedure, §§ 4, 15.

Several of the assignments of error in refusal of requests to charge and in the charge, pertain to the family-car doctrine. The appellant claims, first, that the allegations of the complaint were not adapted and were insufficient to permit reliance upon this doctrine and that the charge should have been that the defendant could be held liable only if it was established that the operator of the car was her agent and acting within the scope of his authority. The complaint alleged that the defendant owner kept the automobile for the use and convenience of her family and that it was being operated by her son Tony with her knowledge and consent. The finding clearly indicates that the evidence was presented and the case tried with a view to establishing liability under the family-car doctrine, without objection by the defendant, to evidence or otherwise, pointing to any claimed insufficiency of the allegations of the complaint to raise that issue. We regard the complaint as adequate to fairly apprise the defendant of intended reliance upon that doctrine, and even if it

were deficient in this respect, under the circumstances, mere inferential objection through a request to charge on the agency theory was insufficient and came too late. *McCaughey* v. *Smiddy,* 109 Conn. 417, 418, 146 Atl. 822.

A charge was requested that the only evidence of the purpose for which the car was maintained and used was that of the defendant that it was not a family-car and that her son Tony had no authority to operate it. While this was the only direct testimony on that point, the plaintiff introduced evidence of circumstances and conduct of the parties tending to an inference of maintenance and use as a family-car. Evidence of this nature is, naturally, often the sole resort of a plaintiff in such a case and, although circumstantial, is not to be disregarded and may be adequate to overcome direct testimony to the contrary. *McCaughey* v. *Smiddy, supra,* p. 420.

The charge as a whole and the wording of the repeated references to the necessity of proof of a general authority to use and operate the car as an element requisite to recovery, convinces us that the jury could not have construed the instructions otherwise than that the plaintiff could not prevail unless it be found that the son Tony had such general authority.

In the course of the charge the trial court read General Statutes, Cum. Sup. 1931, § 600a, already quoted, and instructed the jury as to its effect in raising, from proof of a relationship within the statute, a presumption that an automobile was being operated as a family-car and under general authority from the owner. It was explained further that this presumption is rebutted by evidential denial by the owner, whereupon it is incumbent upon the plaintiff to offer evidence in support of the allegations of family-car and sustain the burden of proof as to them. No exception is taken to

the substance of the charge on this subject and we have no occasion to consider whether or not it was correct. The appellant, although she included in her requests a charge as to the effect of the statute in merely shifting the obligation of going forward with evidence but not affecting the general burden of proof, now asserts that the statute was not applicable to the case and assigns error in charging concerning it. The purpose and effect of the statute manifestly is not to affect substantive rights but to govern a detail of procedure, merely. As such it applies to all trials alike, irrespective of whether the cause of action accrued or the suit was brought before or after the taking effect of the Act. *Hubbard* v. *New York, N. H. & H. R. Co.*, 70 Conn. 563, 565, 40 Atl. 533; *Zalewski* v. *Waterbury Mfg. Co.*, 89 Conn. 46, 48, 92 Atl. 682. Moreover, even if the statute were not applicable, error in referring to it in the charge would have been rendered innocuous, so far as concerns effect upon the verdict, by the further and final instruction that "after the defendant testified that this was not a family-car and the operator of the car had no general or specific authority to operate it on the night in question, all effect of § 600a of the Public Acts of 1931 is removed from the trial of this case. . . . In order to recover, the plaintiff must on the whole evidence have sustained her burden of proving the truth of this allegation by a fair preponderance of the evidence."

The finding is that the only witness called by the defendant as to the purpose for which the car was maintained and authority to use it was the defendant herself; her son Tony, who was operating the car at the time of the accident, was present in court but was not called upon to testify. The court charged that the failure of the defendant to call him as a witness entitled the jury to infer that his testimony, if given,

would have been antagonistic to the defendant's own contention that he was not acting with her authority. No question is made as to the correctness of the general proposition. *Kolensky* v. *DeFrancesco,* 102 Conn. 660, 129 Atl. 777; *Perrelli* v. *Savas,* 115 Conn. 42, 44, 160 Atl. 311; *Steinert* v. *Whitcomb,* 84 Conn. 262, 267, 79 Atl. 675. The appellant's claim is that as the defendant testified only for the purpose of rebutting the presumption created by the statute, she is to be regarded as having, in effect, offered no evidence and, in consequence, is entitled to the benefit of the rule that where a defendant calls no witnesses but submits his case in reliance upon the insufficiency of the plaintiff's evidence, no unfavorable inference arises from his failure to call witnesses having special knowledge. 22 C. J. 120; *Poirier* v. *Terceiro,* 224 Mass. 435, 113 N. E. 204; *Eldridge* v. *Terry & Trench Co.,* 129 N. Y. Sup. 865; *Smith* v. *Chicago City Ry. Co.,* 165 Ill. App. 190. In view of the presumption raised by the statute, the plaintiff's evidence of ownership by the defendant and the driver's relation to her constituted a prima facie case on that issue. The defendant's testimony, although given to rebut that presumption, was substantive evidence produced by her and in her favor. If true it would be susceptible of corroboration by the son, who was specially situated to know the facts. Omission to resort to his testimony was within the rule as to unfavorable inferences from failure to call an available witness. 10 R. C. L., p. 887, § 35; 31 Am. & Eng. Ann. Cas. (1914A) 915. The charge was not erroneous in any of the respects assigned.

Sacco and Mucci, called as witnesses by the plaintiff, testified as to use of the defendant's car and her son Tony's connection with it. On cross-examination defendant's counsel inquired if they were not arrested for taking the car without permission. Plaintiff's

counsel objected on the ground that the record was the best evidence. Later it was read into evidence, from the Superior Court files, that the case of each, charged with using a motor vehicle without permission, was nolled. Defendant's counsel claimed that the entire record, including the action of the City Court in binding the accused over, should go in, and assigns as error an adverse ruling thereon. This appears to be one of the instances in which the charge and the final disposition are alone material, and only enough of the record to establish these facts need be received. 4 Wigmore, Evidence (2d Ed.) § 2110 (1) and (2).

The original answer filed for the defendant denied negligence of the driver, but was withdrawn before trial and a substituted answer was filed in which negligence of the operator was admitted. The plaintiff offered the first answer in evidence and it was admitted over objection. The purpose of the offer was not stated. Considering the nature of the original answer —a denial of an allegation afterward admitted—it could have no utility as a quasi-admission, the ground on which admissibility of a superseded pleading has sometimes been supported. 2 Wigmore, Evidence (2d Ed.) § 1067; *Loomis* v. *Norman Printers Supply Co.,* 81 Conn. 343, 350, 71 Atl. 358; *Ford Co.* v. *Dudley,* 104 Conn. 519, 525, 133 Atl. 746. It is not a statement, in a withdrawn pleading, inconsistent with the testimony of the pleader, which has been held admissible as affecting his credibility. *Johnson* v. *Powers,* 65 Cal. 179, 3 Pac. 625. However, this ruling falls short of constituting reversible error. The presence of the pleading in evidence could have had no effect, adverse to the defendant, upon the verdict, especially in view of the trial court's appropriate comment in the charge to the effect that the subsequent admission of negligence

548

might well have been the result of full investigation not made until the case was prepared for trial.

There is included in the printed record a large amount of evidence, including that pertaining to the circumstances of the accident and the damages, which is not relevant to any point of the appeal and is of no utility in its consideration. Counsel for the defendant asserts, in brief and argument, that this is due to refusal of plaintiff's counsel to stipulate for or consent to omission of the superfluous portion of the evidence. For the present we assume the truth of that statement. As the expense to the appellant for printing this evidence must considerably exceed all costs which would be taxable in this court in favor of the appellee, no such costs should be taxed to her. Should the appellee not concede the truth of the statement, she may present that issue upon an appeal from the taxation of costs.

There is no error. No costs are to be taxed to the appellee.

In this opinion the other judges concurred.