HARRY TOLETTI, ADMINISTRATOR (ESTATE OF FRANCES TOLETTI) *vs.* ALEX BIDIZCKI.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued May 3d—decided June 12th, 1934.

*J. Warren Upson,* for the appellant (defendant).

*James E. McKnight,* for the appellee (plaintiff).

BANKS, J. Plaintiff's decedent was struck and killed by the automobile of the defendant as she was crossing Cherry Street in the city of Waterbury. The defendant appeals from the denial of his motion to set aside the verdict of the jury in the plaintiff's favor, also for claimed errors in the charge of the court and rulings on evidence. The negligence of the operator of the car appears not to be controverted. Defendant contends that there was no evidence properly before the jury upon which it could reasonably find that the operator, John Lazeski, was engaged in the business of the defendant when the accident happened. Plaintiff relies for proof of the agency upon admissions claimed to have been made by the defendant in a conversation a few days after the accident. Plaintiff testified that he went to defendant's place of business, which was a restaurant at 264 Hamilton Avenue, to inquire what he was going to do about the matter, that defendant said he was very sorry for what had happened, that if he had known that "John" was drunk he would not have sent him up Buck's Hill to get stuff for his restaurant, that he let him take his car to go up on the farm to get this stuff, and that afterward he was to use the car as he saw fit for the rest of the day. Upon cross-examination it developed that the plaintiff had never seen the defendant before, and on the redirect plaintiff was asked how he knew that the man he talked

with was Bidizcki and replied that he walked in the place 264 Hamilton Avenue and inquired if Alex Bidizcki was around and that this man, who was the sole occupant of the place, said that he was Alex Bidizcki. Defendant moved that the answer be stricken out as hearsay and the motion was denied. The defendant contends that this evidence was inadmissible to establish the identity of the person with whom the plaintiff talked and that consequently there was no evidence before the jury that the operator of the car was the defendant's agent.

The statement by a person of his name, like his statement of his age, is in the nature of hearsay evidence in the sense that his source of information is what has been told to him at some time by others, but such statements are universally relied on as a source of knowledge both in the ordinary affairs of life and in the every day business of the courts. 1 Wigmore, Evidence (2d Ed.) § 667. The plaintiff testified without objection that he had talked with the defendant and that the latter had made the statements recited above. That it subsequently developed that the plaintiff had not previously known the defendant did not render this evidence inadmissible. The defendant of course would not be bound by the statements attributed to him unless there was evidence from which the jury could reasonably find that he was the person who made them. The evidence that the person with whom the plaintiff talked was in sole charge of the defendant's place of business, upon inquiry being made for Alex Bidizcki stated that he was the man, that he was sorry for the accident and indicated in his conversation with the plaintiff a knowledge of the circumstances connected with it, together with the fact that the witness described the physical appearance of the man with whom he talked, and the defense offered no

evidence that such was not the physical appearance of the defendant—with which the driver Lazeski at least was familiar—all tended to identify him as the defendant, and was sufficient to justify a finding by the jury that he was the defendant.

With the identity of the defendant as the person with whom the plaintiff talked established to the satisfaction of the jury, they might reasonably find from the admissions made by him that his car was being operated on the day of the accident by Lazeski upon the business of the defendant. To hold him responsible for the death of plaintiff's decedent it must further appear that it was being so operated at the time of the accident. Defendant claims that upon the evidence it was as probable that the accident happened while Lazeski was using the car under the permission given him to use it as he saw fit for the remainder of the day, as that he was then going to Buck's Hill on the errand for the defendant. Lazeski testified that he left Bidizcki's place of business in the car between two-thirty and three o'clock in the afternoon, and made no stop from the time he left until the accident. There was other evidence that the accident happened some time between two and three o'clock. The route taken by Lazeski was that which he would naturally take to go from defendant's restaurant to the Buck's Hill section. The permission given to Lazeski to use the car as he saw fit was that he might do so for the remainder of the day after he had gone to Buck's Hill upon the errand for the defendant. Upon the whole evidence, the jury was justified in finding that Lazeski was operating the car upon the business of the defendant at the time of the accident.

The defendant requested the court to charge that as the complaint alleged that plaintiff's decedent was in the exercise of due care, the burden of proving that

fact was upon the plaintiff. The court charged that the burden of proving that plaintiff's decedent was not in the exercise of due care was upon the defendant, and since the defendant offered no evidence as to her conduct the jury must assume that she exercised due care. Our former rule that, in negligence actions, the burden was upon the plaintiff to establish his freedom from contributory negligence was changed in 1931 by a statute which provides that, when the person who sustained the injury dies prior to the trial of the action, it shall be presumed that he was in the exercise of reasonable care, that if contributory negligence is relied on as a defense it shall be affirmatively pleaded by the defendant, and that the burden of proving such negligence shall rest upon the defendant. General Statutes, Cum. Sup. 1931, § 598a. The present action was brought prior to the enactment of this statute, which, however, became effective before the case went to trial. The charge of the trial court was correct if the statute be construed as controlling in this action, otherwise it was erroneous. The presumption is that statutes affecting substantive rights are intended to operate prospectively, and § 6572 of the General Statutes provides that "no provision of the general statutes, not previously contained in the statutes of this state, which shall impose any new obligation upon any person or corporation, shall be construed to have a retrospective effect." But neither the presumption nor this statute are applicable to the case of a statute which is merely procedural in its character, and does not impose new obligations or affect the substantive rights of the parties. *Zalewski* v. *Waterbury Mfg. Co.,* 89 Conn. 46, 48, 92 Atl. 682; *Neilson* v. *Perkins,* 86 Conn. 425, 427, 85 Atl. 686; *Hubbard* v. *New York, N. H. & H. R. Co.,* 70 Conn. 563, 565, 40 Atl. 533; *Baker* v. *Paradiso,* 117 Conn. 539, 545, 169 Atl. 272;

59 C. J. 1174. We construe the 1931 statute to be procedural in its character rather than one affecting substantive rights. It makes no change in the substantive law that the plaintiff in a negligence action cannot recover if it appears that his own negligence materially contributed to produce his injuries. The absence of contributory negligence still remains one of the essential factors in his case. The statute raises a presumption of due care in favor of the plaintiff and shifts the burden of proof, putting upon the defendant the duty of producing evidence of contributory negligence if that is relied on as a defense, but, when the evidence is all in, if it appears that the plaintiff's negligence has contributed to his injuries he cannot recover. A similar statute has been construed by the Massachusetts court to make no change in the substantive law of negligence, but to be purely procedural in character. *Duggan* v. *Bay State Street Railway Co.*, 230 Mass. 370, 119 N. E. 757. The statute upon its face applies to all negligence actions, does not exclude pending suits, and, being procedural in its nature, is applicable to this action which was pending when the statute became effective. The court did not err in its charge as to the burden of proof.

It appeared that at the time of trial the defendant was out of the jurisdiction and that there had been several continuances during which efforts had been made to locate him without success. The ruling of the court that the trial proceed in the absence of the defendant, of which complaint is now made, though not directly assigned as error, was well within the discretion of the court. A claim adjuster of an insurance company, which apparently was defending the case, had testified that he had made efforts during a two-year period to locate the defendant. It would have been proper for the defendant's counsel to elicit from

the witness, as he attempted to do, further testimony as to the efforts he had made to locate the defendant. But in this case we cannot believe that the defendant was harmed by the refusal of the court to permit this to be done.

There is no error.

In this opinion the other judges concurred.