WILLIAM T. LEONARD ET AL . v. ZONING BOARD OF APPEALS OF THE CITY OF NORWALK ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, Js.

Argued May 5—decided May 26, 1964

*John N. Cole,* for the appellants (plaintiffs).

*Richard S. Weinstein,* with whom was *Jack Waltuch,* for the appellee (defendant Mallia); with him also was *Edward J. Zamm,* for the appellee (named defendant).

HOUSE, J. The plaintiffs appealed to the Court of Common Pleas on July 9, 1962, from the granting on June 27, 1962, effective July 16, 1962, of an application for a special exception under § 17 of the Norwalk zoning regulations (1929, as amended) to permit the defendant Henry J. Mallia to build a hotel in a residential zone. The defendants filed a plea in abatement and to the jurisdiction. From the judgment sustaining the plea and dismissing the appeal the plaintiffs have appealed.

The defendants' plea was based on the contention that under § 8-8 of the General Statutes a person aggrieved by a decision of a zoning board of appeals must appeal within fifteen days from the date of decision and that this requirement was not met since the relevant decision in the matter was rendered on March 2, 1961, more than a year before the appeal by the plaintiffs. The defendants claim that the March 2, 1961, decision is the one which granted the exception and that the 1962 proceeding was merely for review and approval of the plans and specifications as required by the first decision. The plaintiffs claim that the June 27, 1962, decision was based on a new application seeking a new exception.

In its decision on the plea in abatement, the court

found the issues for the defendants and in effect held that since the plaintiffs did not appeal from the March 2, 1961, decision of the board within fifteen days as provided by § 8-8 of the General Statutes, they could not now appeal the action of the board in permitting the construction of the hotel.

It is apparent that much of the difficulty before us arises from the absence of a finding adequate to determine the issues raised by the plea in abatement. We have before us only a limited finding, appropriate in a zoning case; *Cohen* v. *Board of Appeals on Zoning,* 139 Conn. 450, 453, 94 A.2d 793; but not a finding containing the findings necessary to test the conclusion of the court on a plea in abatement. *Mendrochowicz* v. *Wolfe,* 139 Conn. 506, 509, 95 A.2d 260. Such a finding is essential where relevant facts do not appear on the face of the record. *Gitlitz* v. *Davis,* 146 Conn. 280, 281, 150 A.2d 213; Maltbie, Conn. App. Proc. § 126. It is possible, however, to decide this particular appeal on the basis of the record. *Tuite* v. *Tuite,* 150 Conn. 345, 346, 348, 189 A.2d 394; *Dolbeare* v. *Dolbeare,* 124 Conn. 286, 288, 199 A. 555.

The record discloses that the plea in abatement was filed and decided on the assumption that § 8-8 of the General Statutes was the applicable statute governing the time within which an appeal from either of the decisions of the zoning board should have been taken. This was error, for, as we pointed out in *Aurora* v. *Zoning Board of Appeals,* 151 Conn. 378, 380, 198 A.2d 60, "[s]ection 8-8 has no bearing on the limitation of time fixed for an appeal to the court from the granting of a variance by a zoning board of appeals." The same rule is applicable to special exceptions. Section 8-7 governs the time within which to appeal from a special excep-

tion or variance granted by a zoning board of appeals.[1]

The record does not disclose that a copy of either decision of the board of appeals was filed in the office of the proper clerk or that notice of the filing of either decision was published in a newspaper having a substantial circulation in Norwalk. Both procedures are required under the provisions of § 8-7 before the time for taking an appeal commences to run. In this state of the record, we cannot determine whether the time for taking an appeal from either the 1961 or the 1962 decision has elapsed or ever started to run. We can go no further than to note that the court did err as a matter of law in sustaining the plea in abatement predicated on the erroneous theory that § 8-8 rather than § 8-7 governs the time within which appeals must be taken from the granting by a zoning board of appeals of any special exception or variance.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.

---

[1] "Sec. 8-7. APPEALS TO BOARD. . . . Whenever a zoning board of appeals grants or denies any special exception or variance in the zoning regulations applicable to any property or sustains or reverses wholly or partly any order, requirement or decision appealed from, it shall state upon its records the reason for its decision. Such exception, variance or reversal shall become effective at such time as is fixed by the board, provided a copy thereof shall be filed in the office of the town, city or borough clerk, as the case may be, but, in the case of a district, in the offices of both the district clerk and the town clerk of the town in which such district is located, and notice of such filing shall have been published in a newspaper having a substantial circulation in the municipality before such effective date. Appeals from such decisions of the board may be made by persons aggrieved in the manner set forth in section 8-8 within fifteen days from the effective date thereof, the time limitations set forth in section 8-8 notwithstanding."