HARMON S. SCOVIL ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF GUILFORD ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued March 8—decided April 19, 1967

*Donald F. Keefe,* with whom was *Kimberly B. Cheney,* for the appellants (defendants).

*Richard L. Goldblatt,* with whom was *Morris Gamm,* for the appellees (plaintiffs).

KING, C. J.   The plaintiffs, property owners in Guilford, brought this action against the Guilford planning and zoning commission and also against the individual members of the commission.  As there is no claim against the members except as to their actions in their official capacities, the commission will hereinafter be treated as the sole defendant.

In this action the plaintiffs challenged the validity of changes in the zoning regulations purportedly made in 1960 and sought a declaratory judgment determining their invalidity and injunctive relief against their enforcement. The court granted only the injunctive relief.[1]

Prior to September 1, 1960, the effective date of the changes, the plaintiffs' properties were in a commercial zone, but under the new regulations they are in a low-density residential zone. The court concluded, in accordance with the plaintiffs' allegations and claims at the trial, that neither a copy of the proposed zone changes nor a zoning map was filed in the town clerk's office prior to the public hearing on the proposed changes, as required by statute. From a judgment for the plaintiffs granting them injunctive relief against the enforcement of the regulations as to their property, the defendants appealed.

Section 8-3 of the General Statutes as it stood in 1960 provided, inter alia, that no amendment to the zoning regulations or change in the boundaries of zoning districts should become effective or be established until after a public hearing, upon notice, in relation thereto. The statute further required that "a copy of such proposed regulation or boundary shall be filed in the office of the town . . . clerk, . . . for public inspection at least ten days before such hearing". If the conclusion of the court was supported by the subordinate facts, the defect was

---

[1] The court seems to have been correct in declining to render a declaratory judgment since, as far as appears, the zoning change of September 1, 1960, affected property owners other than the plaintiffs. See cases such as *Manafort Bros., Inc.* v. *Kerrigan,* 154 Conn. 112, 113, 222 A.2d 218; *Benz* v. *Walker,* 154 Conn. 74, 76, 221 A.2d 841; *DeForest & Hotchkiss Co.* v. *Planning & Zoning Commission,* 152 Conn. 262, 270, 205 A.2d 774.

jurisdictional, and the zoning regulations purportedly adopted were invalid. *State ex rel. Capurso* v. *Flis,* 144 Conn. 473, 481, 133 A.2d 901; *Aurora* v. *Zoning Board of Appeals,* 153 Conn. 623, 625, 220 A.2d 277; see *Jack* v. *Torrant,* 136 Conn. 414, 419, 71 A.2d 705.

The defendant claims that the court found without evidence that "[o]nce something is filed in the Town Clerk's Office such as zoning regulations, as a rule they are retained in the Town Clerk's Office." This finding, as far as it refers to a practice in effect at the time of the trial in 1966, is supported by the testimony of Mrs. Mildred P. Phillips, who is presently the town clerk and was the assistant town clerk in 1960. But Mrs. Phillips disclaimed knowledge as to whether or not that practice was in effect in 1960. Thus her testimony did not support the finding as of the crucial date in 1960. Moreover, the court itself found, in effect, that documents, after filing, were sometimes taken from the town clerk's office.

The court also found, and these findings were not attacked, that in response to a subpoena, Mrs. Phillips had searched the entire town clerk's office for copies of the zoning regulations but found only three copies of the regulations effective September 1, 1960, and that none of these copies bears a signature or any indication of a filing date, or even that it had been filed before the hearing on the 1960 proposed regulations. No map was found bearing any clear indication that it had been filed before the hearing in conformity with the quoted portion of the statute.

The court also found that, on August 25, 1960, Frank Marlowe, an attorney, found, on the wall of the town clerk's office, a zoning map dated July 1,

1960, which bore, near the town clerk's signature, the date August 24, 1960; and that on the same visit to the town clerk's office Marlowe found the zoning regulations of the town of Guilford which were to become effective September 1, 1960, and which had a filing date of August 25, 1960.

Section 8-3 of the General Statutes, as it stood in 1960, also required that a copy of any zone changes actually adopted be filed in the office of the town clerk and that notice of that filing be published in a newspaper, all prior to the effective date of the proposed zoning change. This notice and filing are distinct from, independent of, and in addition to, the requirements of § 8-3 as to the prehearing notice and filing. Indeed, prehearing proposed regulations, as a result of objections and suggestions made at the public hearing, might well differ from the new regulations as finally adopted by the commission. *Neuger* v. *Zoning Board,* 145 Conn. 625, 630, 145 A.2d 738.

The notice of the public hearing was published on July 7 and again on July 14, 1960; the hearing was held on July 18, 1960; on August 8, 1960, the defendant, in executive session, voted to adopt the revised zoning regulations and zoning map, to be effective September 1, 1960; and on August 25, 1960, a newspaper notice of the defendant's decision was published, stating that a copy of the revised regulations, to be effective September 1, 1960, "is on file at the Office of the Town Clerk."

The logical conclusion to draw from Marlowe's testimony, which the court obviously credited, was that the map and regulations which Marlowe found on August 25 were those which the defendant had filed, pursuant to § 8-3, after the hearing, but prior to the effective date of the new zoning regulations.

The date of the map itself, which was July 1, 1960, had nothing to do with the filing date, except that July 1 was long enough before the public hearing on July 18 so that the map could have been filed at least ten days before that public hearing, as required by § 8-3.

From these subordinate facts, however, the trial court concluded that the zoning map and the proposed zoning regulations were not filed in the town clerk's office at least ten days before the public hearing and that therefore the purported zone changes were a nullity.

The defendant claims that, with the correction to which it is entitled so as to eliminate the finding that the custom of retaining filed instruments, even "as a rule", was in effect in 1960, the foregoing conclusion of the trial court is unsupported by the subordinate facts. In this the defendant is correct.

The plaintiffs had the burden of proof, in the sense of the risk of nonpersuasion, that the proposed regulations had not been filed with the town clerk at least ten days before the hearing as required by § 8-3. This was a rather heavy burden, especially since the plaintiffs did not institute their action until August of 1963 and the trial took place in 1966, over five years after the hearing in question. The plaintiffs' main reliance, and obviously that of the court, was on the fact that neither on August 25, 1960, nor at the date of the trial, could any zoning regulations or map be found in the town clerk's office which bore any indication of a pre-hearing filing as required by the statute. From this, the conclusion was drawn that they could not have been filed prior to the hearing as required by statute.

18

One obvious and fatal weakness in this reasoning is that there is nothing in § 8-3, as it stood in 1960 or even as it stands today, which requires the retention of proposed zoning regulations by the town clerk for any given period after the public hearing, to say nothing of a period of five or six years, or even five or six weeks until August 25, 1960. It is implicit in the language of § 8-3 that the proposed regulations be retained on file, after prehearing filing, at least until the public hearing at which they are to be considered, since the fundamental purpose of the filing is to enable each member of the public to inspect the proposed regulations in time to determine whether his interests may be affected so that he should attend the public hearing to support or oppose adoption of the proposed regulations, or to suggest changes therein, as the case may be. *Hutchison* v. *Board of Zoning Appeals,* 138 Conn. 247, 250, 83 A.2d 201. But we find no statute, nor have the plaintiffs referred to any, requiring, even by implication, retention of the proposed regulations for any longer period.

Although it obviously would be the better practice to preserve proposed prehearing regulations, properly endorsed with their filing date, in order to avoid such controversies as the present, we can find no justification for a conclusion that the town clerk, or anyone else, was under any legal duty so to do. From this it follows that neither the fact that the plaintiffs proved that the proposed regulations were not discovered in the town clerk's office by Marlowe, on August 25, 1960, nor the further fact that they could not be found there in 1966, would warrant an affirmative finding, or even an inference, that they had not been filed before the public hearing in 1960, as required by law.

The defendant caused to be published public notice of its hearing of July 18, 1960, on the proposed zoning regulations. The notice stated, inter alia, that "[c]opies of these [proposed] Regulations and the Map showing proposed Zoning changes are on file in the office of the town clerk." Insofar as this had any probative force, it tended to support the presumption that the defendant, as a public body, had properly performed its duty and had acted in conformity with the requirements of law, including those of § 8-3. *State* v. *Lenihan,* 151 Conn. 552, 555, 200 A.2d 476, and cases cited.

It is also difficult to understand how the public hearing could have been conducted without comment or protest, and there is nothing in the finding to indicate either, if in fact those in attendance had not been given advance opportunity to inspect the proposed regulations. This also tends to support the presumption that the defendant acted in accordance with law and that the regulations were properly kept on file in the town clerk's office, available for public inspection, until sometime after the public hearing.

The plaintiffs seem to make some claim that the town clerk is presumed to have done his duty, that this duty required him permanently to retain all filed instruments, and that since prehearing regulations could not be found in his office, in 1966, or even on August 25, 1960, they could not have been filed there before the hearing on July 18, 1960. The short answer to this is, as previously pointed out, that the town clerk was under no legal duty to retain the proposed prehearing regulations for any particular period after the public hearing at which they were considered. It is hardly necessary to point out that whatever may be the duty of the town clerk,

either under General Statutes § 7-109 or otherwise, as to the retention of the copy of the posthearing zoning changes required to be filed with him after their actual adoption by the zoning commission and prior to their effective date, no such duty of retention could be found or implied as to the copy of the proposed regulations filed with the town clerk prior to the public hearing since such regulations are merely tentative in character, amount to nothing more than one aspect of the required notice of the public hearing, and are necessarily superseded by the regulations actually adopted after the public hearing.

We conclude that the finding of subordinate facts, when properly corrected, leaves without support the court's conclusion that the regulations were not filed in accordance with the statute.

One other matter perhaps should be mentioned. The court seems to have considered that since both the proposed regulations and the map were referred to in the public notice of the hearing, both were required to be filed, under § 8-3, before the hearing. If the map was in effect made an integral part of the proposed regulations, by incorporation by reference or otherwise, or was necessary in order to understand them, then it would have been necessary to file it, not because it was a map, but because it was an essential part of the proposed regulations themselves. But we find nothing in § 8-3 requiring any prehearing filing of a map, as distinct from the prehearing filing of the proposed regulations. The proposed regulations are not a part of this appeal record, presumably because they could not be found, and the court made no finding furnishing any basis for a conclusion that the map should be treated as an integral part of the proposed regulations. Actu-

ally, the issue of the prehearing filing of the map is relatively unimportant in the decision of this appeal, since the conclusion that the map was not properly filed prior to the hearing was drawn from essentially the same facts as was the conclusion that the proposed regulations were not properly filed prior to the hearing. As already pointed out, there was a failure of proof that either had not been properly filed before the hearing.

It is obvious that the court's reference to "overwhelming evidence" was based on its belief that the fact that the proposed regulations were not in the town clerk's office on August 25, 1960, nor at the time of trial in 1966, adequately warranted its conclusion that they had not been filed in 1960 prior to the meeting of July 18, 1960, as required by § 8-3. For the reasons already pointed out, this conclusion was erroneous.

There remains the question of the proper disposition of this appeal. According to the pleadings and the memorandum of decision, the plaintiffs made, in paragraphs 10, 11 and 13 of their complaint, three other claims of jurisdictional invalidity. *State ex rel. Capurso* v. *Flis,* 144 Conn. 473, 481, 133 A.2d 901. These claims could be raised in this action even though no appeal had been taken from the action of the defendant in adopting the proposed regulations. They were not, however, passed upon or considered by the trial court because its conclusion as to the invalidity of the hearing on the two grounds discussed made unnecessary any consideration of other jurisdictional attacks upon the validity of the zoning regulations.

On the other hand, the plaintiffs are not entitled to retry the issues raised in paragraph 12 of the complaint as to the claimed failure to file the map

and the proposed regulations prior to the public hearing, each of which issues was erroneously decided in their favor without adequate support in the subordinate facts.

There is error, the judgment is set aside and a new trial is ordered as to any jurisdictional issues properly raised in the complaint except those raised in paragraph 12 of the complaint concerning the defendant's failure to file the proposed regulations and the map prior to the public hearing as required by § 8-3 of the General Statutes; as to those issues the court is directed to render judgment in favor of the defendants.

In this opinion the other judges concurred.