LOIS M. FORAN ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF WESTPORT ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, JS.

Argued May 6—decided July 1, 1969

*Edward J. Capasse,* with whom, on the brief, was *Stephen Tate,* for the appellant (defendant Helen W. MacIntyre).

*Walter M. Andrew, Jr.,* with whom, on the brief, was *Albert L. Harlow,* for the appellees (plaintiffs).

KING, C. J.  The defendant Helen W. MacIntyre, hereinafter sometimes referred to as the applicant, is the owner of a house situated on a 2.4-acre tract of

land in the town of Westport. This property is located in an AAA residence zone in which all house lots must have a minimum area of two acres. On March 27, 1967, the applicant applied to the defendant zoning board of appeals for a variance which would permit her to divide her property into two separate house lots of 1.4 acres and one acre respectively and which would waive the setback requirements on the 1.4-acre lot. The board granted the requested variance, and six plaintiffs, including the named plaintiff, Lois M. Foran, appealed to the Court of Common Pleas, which reversed the action of the board and sustained the appeal.

The applicant has appealed to this court and claims that the court below erred in several respects. In the view which we take of the appeal, the only claimed error which need be considered is that the named plaintiff did not establish that she had standing, under § 8-8 of the General Statutes, to appeal from the action of the zoning board of appeals to the Court of Common Pleas.

The zoning board of appeals granted the variance on April 13, 1967, and the plaintiffs appealed within the fifteen-day time limitation for the taking of an appeal. General Statutes § 8-8. During that period of time and up until at least October 1, 1967, when an amendment (Public Acts 1967, No. 712) to General Statutes § 8-8, hereinafter more particularly discussed, became effective, it was clear that unless an appellant could establish that he was aggrieved by the action of the board, he had no standing to appeal from the board's decision. General Statutes § 8-8; *Chesson* v. *Zoning Commission,* 157 Conn. 520, 522, 254 A.2d 864. In order to establish aggrievement, the plaintiffs would have had to prove that they "had a specific, personal and legal interest in

the subject matter of the decision as distinguished from a general interest such as is the concern of all members of the community and that they were specially and injuriously affected in their property or other legal rights." *Tucker* v. *Zoning Board of Appeals,* 151 Conn. 510, 514, 199 A.2d 685; *Hughes* v. *Town Planning & Zoning Commission,* 156 Conn. 505, 507, 242 A.2d 705.

Although the plaintiffs adequately alleged aggrievement in their appeal to the Court of Common Pleas, they presented no evidence that their property was affected in any way by the board's action except that all parties did stipulate that the property of the named plaintiff was located directly across the street from the applicant's property. But the mere fact that the property of the named plaintiff is in close proximity to the applicant's property is not enough to establish aggrievement. Indeed, in several cases in this court, owners of property actually adjoining the property which was the subject of the action of a zoning board or commission have been held not to have been aggrieved. *Chesson* v. *Zoning Commission,* supra; *Kyser* v. *Zoning Board of Appeals,* 155 Conn. 236, 241, 230 A.2d 595; *Joyce* v. *Zoning Board of Appeals,* 150 Conn. 696, 697, 187 A.2d 239; see *Hickey* v. *New London,* 153 Conn. 35, 37, 213 A.2d 308; *I. R. Stich Associates, Inc.* v. *Town Council,* 155 Conn. 1, 3, 229 A.2d 545.

The court below, in allowing the plaintiffs to prosecute the appeal, did not find that the plaintiffs were aggrieved. On the contrary, it found that they offered no evidence of aggrievement except for the stipulation. Both the court and the plaintiffs in their brief relied on the amendment (Public Acts 1967, No. 712) to § 8-8 of the General Statutes which permits "any person owning land which abuts the

land involved in any decision of said board" to appeal to the Court of Common Pleas. The effective date of the amendment was October 1, 1967, almost six months after the date on which the plaintiffs had filed their appeal although prior to the actual trial in the Court of Common Pleas. The named plaintiff claims that this amendment involves only a procedural matter and thus should be applied to actions pending at its effective date. From this premise the named plaintiff claims that she, as the owner of property directly across the street from the applicant's property, had, under the amendment, the standing necessary to appeal to the Court of Common Pleas. In order to come within the provisions of this amendment, the named plaintiff relies on the presumption that the owner of land abutting a highway, in the absence of evidence to the contrary, owns, subject to the public easement of travel, the fee of the land to the center of the highway so that her property actually abuts the applicant's property at the center of the highway. See *Antenucci* v. *Hartford Roman Catholic Diocesan Corporation*, 142 Conn. 349, 355, 114 A.2d 216. If we assume that the named plaintiff is, as she claims, an abutting landowner within the terms of the amendment to General Statutes § 8-8 and that the amendment is applicable to a pending action, she still has failed to establish the standing requisite for a valid appeal at the time the appeal was taken.

At the time the plaintiffs took their appeal, and up until October 1, 1967, § 8-8 of the General Statutes provided that "[a]ny person . . . aggrieved by any decision of said board . . . may, within fifteen days from the date when notice of such decision was published in a newspaper . . . , take an appeal . . . ." This statute permitted a very limited class of per-

sons, those "aggrieved", to appeal from the action of a zoning board of appeals. It is clear that the plaintiffs did not establish that they were aggrieved persons at the time their appeal was taken. Thus, their purported appeal was as of that time invalid.

It is also clear that another condition precedent to a valid appeal is that it be filed within fifteen days of the publication of the notice of the board's decision. Once that fifteen-day period had expired and no valid appeal had been filed, the neighboring landowners, including the named plaintiff, were barred from appealing from the action of the board.

The board is required by § 8-7 of the General Statutes to cause notice of a decision granting a variance to be published in a newspaper within ten days after the decision has been rendered. In this case the decision was rendered April 13, 1967. There is no claim, nor any basis for an inference, that the board did not comply with the law as to publication, and therefore such compliance is presumed. *Scovil* v. *Planning & Zoning Commission,* 155 Conn. 12, 19, 230 A.2d 31. While the publication date does not appear in the record, the latest date for publication would have been April 23. *Hubbard* v. *Planning Commission,* 151 Conn. 269, 273, 196 A.2d 760. Thus, the fifteen-day period within which an appeal could be taken, as authorized by § 8-8, would expire not later than May 8. Ibid. Consequently, there is no theory under which the named plaintiff, relying on the amendment to § 8-8, which first became effective October 1, 1967, could have had the standing necessary to take the appeal during the time period which expired no later than May 8. This was not a case where a plea in abatement alleging a late appeal failed because of insufficient information in the record to support the allegations of the plea, as was

the case, for instance, in *Leonard* v. *Zoning Board of Appeals,* 151 Conn. 646, 648, 201 A.2d 466.

We have assumed, as the named plaintiff argues, that she became a member of the class of persons entitled to appeal upon the effective date of the amendment to § 8-8 of the General Statutes according a right of appeal to abutting landowners without proof of aggrievement as such. This contention, however, cannot advance the position of the named plaintiff because on the date when the amendment first became effective, October 1, 1967, the fifteen-day period had long since expired, making it impossible for the named plaintiff or anyone else to satisfy the second condition of § 8-8 of the General Statutes with respect to the time allowed for appeal in this case. There is nothing in the amendment which can be construed as validating otherwise invalid appeals taken prior to the effective date of the amendment.

The plaintiffs have failed to establish that at any time before October 1, 1967, they had the standing necessary to appeal from the action of the zoning board of appeals. Accordingly, the court was in error in assuming jurisdiction of the appeal.

There is error, the judgment is set aside and the case is remanded with direction to dismiss the appeal.

In this opinion ALCORN, HOUSE and THIM, Js., concurred.

RYAN, J. (dissenting). I am unable to agree with the majority opinion. I construe the 1967 amendment to § 8-8 of the General Statutes to be procedural in its character rather than one affecting substantive rights. "It is a rule of construction that legislation is not to be applied retroactively unless the legislature clearly expresses such an intent.

*Michaud* v. *Fitzryk,* 148 Conn. 447, 448, 171 A.2d 397; *E. M. Loew's Enterprises, Inc.* v. *International Alliance,* 127 Conn. 415, 418, 17 A.2d 525; *Massa* v. *Nastri,* 125 Conn. 144, 146, 3 A.2d 839; *Skinner* v. *Watson,* 35 Conn. 124, 126. The rule is not applied, however, to legislation which is general in its terms and affects only matters of procedure. Such legislation is presumed to have been intended to be applicable to all actions, whether pending or not, in the absence of any expressed intention to the contrary. *E. M. Loew's Enterprises, Inc.* v. *International Alliance,* supra; *Neilson* v. *Perkins,* 86 Conn. 425, 428, 85 A. 686." *Lavieri* v. *Ulysses,* 149 Conn. 396, 401, 180 A.2d 632; *Schurgast* v. *Schumann,* 156 Conn. 471, 487, 242 A.2d 695.

The instant case involves the standing of the plaintiffs to take an appeal. If standing is not established, the Court of Common Pleas would be without jurisdiction. *Hughes* v. *Town Planning & Zoning Commission,* 156 Conn. 505, 508, 242 A.2d 705. At the time of the application to the defendant board, § 8-8 provided, in pertinent part, that "[a]ny person . . . aggrieved by any decision of said board" may take an appeal to the Court of Common Pleas within fifteen days from the date when notice of the decision was published in a newspaper. The plaintiffs' appeal was timely and adequately alleged aggrievement. An amendment to § 8-8 became effective October 1, 1967, after the appeal was taken and before trial. By its terms the act gave the right of appeal to any person "aggrieved" by any decision of the board "or any person owning land which abuts the land involved in any decision of said board." The purpose of the statute was remedial and provided an additional method of establishing standing in the trial court. It made no change in the substantive

law, which requires the plaintiff in such an appeal to prove that the action of the board was illegal. Nor did it alter in any way any substantive rights of the defendants. The plaintiffs were still required to establish standing by proving either aggrievement or that they were abutting owners within the meaning of the statute. The amendment merely provides an additional method of proving standing. It contains nothing to indicate any legislative intent that the statute shall not operate retroactively under the circumstances of the present case. It is general in its terms and purely procedural. Its purpose and effect "is not to affect substantive rights but to govern a detail of procedure, merely. As such, it applies to all trials alike, irrespective of whether the cause of action accrued or the suit was brought before or after the taking effect of the Act. *Hubbard* v. *New York, N.H. & H.R. Co.,* 70 Conn. 563, 565, 40 Atl. 533; *Zalewski* v. *Waterbury Mfg. Co.,* 89 Conn. 46, 48, 92 Atl. 682." *Baker* v. *Paradiso,* 117 Conn. 539, 545, 169 A. 272. The amendment upon its face applies to all appeals, does not exclude pending appeals, and, being procedural in its nature, is applicable to the instant appeal, which was pending when the amendment became effective. *Toletti* v. *Bidizcki,* 118 Conn. 531, 537, 173 A. 223. It is of course true that the search for legislative intent as to retroactive application may not in all instances stop with the determination that a statute concerns procedure alone. Even if the statute is procedural, it will not be applied retroactively if considerations of good sense and justice dictate that it should not be so applied. *Carvette* v. *Marion Power Shovel Co.,* 157 Conn. 92, 96, 249 A.2d 58. Not only is there no injustice in the retroactive application of this procedural statute but to hold otherwise would result in

an injustice. The determination of standing to take an appeal takes place in the trial court. One does not normally become aggrieved until the action complained of has been taken. *Fox* v. *Zoning Board of Appeals,* 146 Conn. 665, 666, 154 A.2d 520. In any case, the question of standing by virtue of aggrievement or by ownership of abutting property is one of fact to be determined by the court on the appeal. *Hughes* v. *Town Planning & Zoning Commission,* 156 Conn. 505, 508, 242 A.2d 705.

The plaintiffs at the time of trial were entitled to elect whether to establish standing by proof of aggrievement or by showing that they were abutting owners. No evidence of aggrievement was offered, but it was stipulated by the parties that the named plaintiff owned real property located directly across the street from the subject property owned by the defendant Helen W. MacIntyre, and the court so found. It concluded that the properties of the named plaintiff and Mrs. MacIntyre were abutting properties. The instant case is clearly distinguishable from one wherein no right of appeal existed at the time the application was made, as in *Demarest* v. *Zoning Commission,* 134 Conn. 572, 59 A.2d 293. The plaintiffs had an existing right of appeal under General Statutes § 8-8, and it was timely exercised. The amendment to § 8-8 was nothing more than a reasonable modification of a form of remedy for enforcing rights. *O'Brien* v. *Flint,* 74 Conn. 502, 509, 51 A. 547. All that the statute has done is to make available two methods of establishing standing when formerly there was one. See *Matter of Berkovitz* v. *Arbib & Houlberg, Inc.,* 230 N.Y. 261, 271, 130 N.E. 288 (Cardozo, J.).

"An abutting owner is presumed under the law of this state, no evidence having been offered to the

contrary, to own the fee of the land to the center of the highway." *Antenucci* v. *Hartford Roman Catholic Diocesan Corporation,* 142 Conn. 349, 355, 114 A.2d 216. Since no such evidence was offered, the conclusion of the trial court that the plaintiff was an abutting owner within the meaning of the statute cannot be disturbed.

The action of the defendant board in granting a waiver to the defendant Helen W. MacIntyre to divide a 2.4-acre parcel of land in a two-acre zone into two parcels consisting of one acre and 1.4 acres and in granting a waiver of the requirements of the regulations as to setback in a residence AAA district to "legalize the location of existing buildings" on the 1.4-acre plot thereby created was, on the facts of this case, a clear abuse of discretion and completely illegal. It does not merit discussion by this court.

I believe the action of the trial court in sustaining the appeal was correct.