## THE ROBERTSON AND GOVANNE CONTRACTING COMPANY *vs.* THE AETNA ACCIDENT AND LIABILITY COMPANY.

First Judicial District, Hartford, October Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The liability of a surety company on a bond voluntarily given to secure the dissolution of an attachment, is to be determined by the language of the instrument. If that shows a positive and unqualified undertaking "that the defendant will on demand pay to the plaintiff the amount of any judgment which may be recovered in the action against the defendant, not exceeding" a stated sum, the company is bound to make such payment; and it cannot escape liability upon the theory that inasmuch as the alleged attachment did not in reality secure anything, the bond, which was intended as its substitute, ought not to have any greater effect. In order to accomplish such a result, the terms of the bond should have followed the statutory form.

Argued October 4th—decided December 19th, 1916.

ACTION to recover the amount of a judgment rendered in favor of the plaintiff against a third person, payment of which the defendant had guaranteed by its bond, brought to the Superior Court in Hartford County and tried to the jury before *Bennett, J.;* by direction of the court the jury returned a verdict for the plaintiff for $6,474, and from the judgment thereon the defendant appealed. *No error.*

The plaintiff is a corporation organized and existing under the laws of New York. The defendant is an accident and liability company in Hartford, in this State.

It appears from the finding that on the 11th day of June, 1914, the plaintiff brought suit against Alice M. Durkin and Charles F. Laas, in the Superior Court in Fairfield County, claiming $9,500 damages, which suit was returnable on the first Tuesday of September, 1914. After the writ had been duly and properly served, the defendant, on the 15th day of July, 1914, entered into a bond as surety for Alice M. Durkin and

Charles F. Laas in favor of the plaintiff company, a copy of which is as follows:—

"Robertson & Govanne Contracting Co., Inc., Plaintiff and Appellant

*vs.*

Durkin & Laas,

Defendant and Respondent.

UNDERTAKING TO RELEASE ATTACHMENT

"WHEREAS, on the 11th day of June, A. D. 1914, attachment was issued in the above entitled action to the Sheriff of the County of Fairfield, his Deputy or either Sheriff of the City of Bridgeport, within said County, and the said defendant, Durkin & Laas, of New York City, having appeared in said action and being about to apply to the said Court for an order to discharge an attachment on the money due said defendant, Durkin & Laas, now in the hands of the City of Bridgeport, Connecticut, being due and payable to said defendant, Durkin & Laas, for work already performed on the Bridgeport High School Building, Bridgeport, Connecticut.

"Now, Therefore, the Aetna Accident & Liability Company of Hartford, Connecticut, does hereby pursuant to the statute, in such cases, made and provided, undertake that the defendant, Durkin & Laas, will on demand pay to the plaintiff the amount of any judgment which may be recovered in the action against the defendant, Durkin & Laas, not exceeding the sum of Eighty Five Hundred ($8,500) and No/100 Dollars.

"Dated at Hartford, Connecticut, this 15th day of July, A. D. 1914.

"The Aetna Accident & Liability Company,

(Signed) By: Edward F. Pike,
*Resident Vice President.*

Attest: Charles F. Vielle,
*Resident Assistant Secretary.*          (seal)."

On the 8th day of October, 1915, judgment was rendered in said suit against Alice M. Durkin and Charles F. Laas, in favor of the Robertson and Govanne Contracting Company for $6,214.26 damages and $81.79 costs. No part of this judgment has been paid, although demand has been made upon Alice M. Durkin and Charles F. Laas, the defendants in the former action, and upon the Accident and Liability Company.

The defendant now claims that at the time this attachment was levied there was no money due Durkin and Laas from the city of Bridgeport, and that at that time, as well as at the time of the giving of the bond, there was no property of Durkin and Laas under attachment, and no property belonging to Durkin and Laas was released by the plaintiff as a consideration for the execution of said bond.

After the evidence was closed the trial court directed a verdict for the plaintiff to recover the amount of the judgment rendered against Durkin and Laas. The defendant now contends that it was clear from the evidence that the intention of the parties was to substitute such a bond as the statute requires upon the dissolution of an attachment; that the liability of the defendant in this case was to be limited to the actual value of the interest of the principal in the property attached; and that the trial judge ignored the plain intention of the parties to the bond, as disclosed by the evidence submitted, and construed this instrument as a common-law bond, which made the defendant liable to the plaintiff for the full amount of the judgment which the plaintiff obtained against Durkin and Laas.

*Henry E. Shannon* and *Frank L. Wilder*, for the appellant (defendant).

*Henry Greenstein*, with whom was *Frederick B. Fallon*, for the appellee (plaintiff).

RORABACK, J. The defendant insists that this obligation should be construed under the provision of chapter 157 of the Public Acts of 1911 (p. 1423), relating to an attachment bond given by order of a judge. This statute provides that "if the said————shall pay any judgment that may be recovered against him in such action not exceeding the amount of——————dollars (the amount of damages demanded by said writ), or in default of such payment, shall pay to the officer having the execution issued on such judgment, on demand, the actual value of the interest, not exempt from attachment and execution, of the said————in said attached property at the time of said attachment, not exceeding said amount of————dollars, then this bond shall be void, but otherwise in full force and effect." It is important to notice that this bond does not follow the language of the statute. It omits the alternative portion, which provides that "in default of such payment, shall pay to the officer having the execution issued on such judgment, on demand, the actual value of the interest, not exempt from attachment and execution, of the said————in said attached property at the time of said attachment, not exceeding said amount of————dollars." The record discloses that this instrument was not given in compliance with an order of a judge of the Superior Court under the procedure pointed out by our statutes. It appears that Durkin and Laas, by their attorneys, made an application for the substitution of a bond for the attachment which had been made in the proceedings against them, but, without waiting for the formality of an order of a judge in the matter, as provided by statute, the bond as now written was pre-

pared and executed by the defendant company. The form used was one adopted by the company in the transaction of its business. It was delivered to and accepted by the plaintiff as a substitute for the attachment which was then dissolved. "A voluntary bond, entered into by competent parties and for a lawful purpose, not prohibited by law, and founded upon a sufficient consideration, is good and valid at common law." 8 Cent. Dig. p. 58, Bonds, § 40½; *Emanuel* v. *McNeil*, 87 N. J. L. 499, 503, 94 Atl. 616, 618.

There is nothing unlawful in any of the provisions of this obligation. The statute relating to this subject does not prohibit such an undertaking. This was a bond the condition of which complied with a part of the provisions of the statute. To this extent the obligation was good, notwithstanding it omitted to name the condition of the statute upon which the defendant now rests its case. Official or statutory bonds will not be declared invalid by the courts, except on the most satisfactory grounds. Of course, if a statute which prescribes the conditions and terms of such bonds declares that all bonds not taken pursuant to it shall be void, they will be held void; but unless the statute expressly so provides, only those parts or conditions of the bond that are contrary to the provisions of the statute will be void. All the rest of the conditions will be held good, and the obligors will not be allowed to escape liability because the bond does not conform in all things with the requirements of the statute. 4 R. C. L. pp. 53, 54.

This bond should receive a reasonable interpretation. To reach such a conclusion we must resort to the language which was used in the obligation. As it now appears, we have no right to hold that the parties to this undertaking intended to insert a provision

materially different from that which the language used would indicate. To do this would be, in effect, to make a new and different contract. This we cannot do.

There is no error.

In this opinion the other judges concurred.