DOMINICK A. FAZZANO vs. JOSEPH MARTIN ET ALS.

First Judicial District, Hartford, October Term, 1919.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

By mutual, voluntary agreement, any form of bond, statutory or otherwise, may be substituted for an attachment of property; and the scope of the undertaking will be gathered from the intent of the parties as disclosed by the fair import of the language used.
A joint and several bond executed by the defendants, which is conditioned for the payment of any judgment that may be recovered "against them" in the pending action, applies to a judgment rendered against one of them only.

Argued October 7th—decided December 22d, 1919.

ACTION to recover the amount of a joint and several bond, brought to and tried by the Court of Common Pleas in Hartford County, *Smith, J.;* facts found and judgment rendered for the plaintiff for $800, and appeal by the defendants other than Joseph Martin. *No error.*

In an action for damages brought by the plaintiff

against Joseph and Margaret Martin and another, an attachment was made of "a stock of groceries and business fixtures as the property" of the Martins. On the same day, and at the office of the deputy sheriff who had made the attachment, a joint and several bond was executed to the plaintiff by the two Martins, as principals, and Mary Purgatorio, as surety, reciting the attachment of property of both the Martins, and conditioned that "if the said Joseph Martin and Margaret Martin, shall pay any judgments that may be recovered against them in such action or in default of such payment shall pay to the officer having the execution issued on such judgment on demand, the amount of the judgment together with the fees and costs then this bond shall be void, but otherwise in full force and effect." Although the finding is silent upon the point, the acceptance of this bond by the plaintiff, and the release of the property from attachment, are necessarily implied from all the established facts. The writ was duly returned to court, and the case proceeding to trial, a judgment of nonsuit was rendered in favor of Margaret Martin, and the plaintiff had judgment for a substantial sum against Joseph Martin. Execution was issued and returned unsatisfied after due demand. The judgment remains wholly unpaid.

In this action the bond was made a part of the complaint, and the defendants demurred upon the ground that the condition of the obligation was to pay only a joint judgment recovered against both Martins. The demurrer was overruled, and the several assignments of error are based upon that ruling, and upon the refusal of the court to sustain the same claim upon the trial of the case.

*William F. Mangan,* for the appellants (defendants).

*Josiah H. Peck,* with whom was *Richard V. Blake,* for the appellee (plaintiff).

CASE, J. While the statutes provide a convenient method for the compulsory release of property withheld by attachment, they neither exclude nor impair the right of parties to reach the same result by voluntary, mutual agreement. *Robertson & Govanne Cont. Co.* v. *Ætna Acc. & Liability Co.,* 91 Conn. 129, 99 Atl. 557; *Mosher* v. *Murphy,* 121 Mass. 276, 278. That the bond here is not in the form prescribed for proceedings under the statute (§ 5888), is, therefore, without other significance than to leave the scope and extent of the undertaking embraced in it to be gathered from the intent of the parties as disclosed by "the fair import of the language of the guaranty." *Lewis* v. *Dwight,* 10 Conn. 95, 100.

The only claim urged by the several assignments of error, is that the bond was conditioned upon a judgment against both defendants, and that its condition therefore failed when the plaintiff suffered a nonsuit as to one of them. We cannot so narrowly read the obligation without ignoring its plain purpose. "Attachments are made for the benefit of creditors, but the provision for the discharge of the property attached is made for the benefit of debtors." *Inbusch* v. *Farwell,* 66 U. S. (1 Black) 566, 572. For every purpose of ours, the record fixes the ownership of the property in both the Martins, and, so far as appears, it was applicable to the satisfaction of any judgment recoverable by the plaintiff against either or both. It was plainly to the plaintiff's advantage to retain this unqualified hold on it which the attachment gave him, while the interest in securing its release was one that the Martins shared equally. It lay wholly with the plaintiff to permit or refuse the substitution

of security, but when this exchange was effected by his acceptance of the bond, "the attachment disappeared from the scene, and the bond was held as the only security for the satisfaction of a judgment." *Schunack* v. *Art Metal Novelty Co.*, 84 Conn. 331, 337, 80 Atl. 290.

In this situation and in the absence of unusual circumstances, we should expect to find any security so replacing the attachment at the instance of the defendants and for their benefit and convenience, bound to the same extent as had been the attached property, which passed wholly beyond the plaintiff's reach by his voluntary surrender of his hold upon it. The condition of the bond is somewhat loosely expressed, but its language plainly demands this construction as expressive of the obligation which the parties reasonably intended. This view prevails elsewhere under conditions essentially identical with those presented here. *Inbusch* v. *Farwell*, 66 U. S. (1 Black) 566; *Gilmore* v. *Crowell*, 67 Barb. (N. Y.) 62; *Heynemann* v. *Eder*, 17 Cal. 433; *Poole* v. *Dyer*, 123 Mass. 363.

There is no error.

In this opinion the other judges concurred.