JOSEPH CURLEY *v.* JOSEPHINE MARZULLO.

AVERY, BROWN, JENNINGS and ELLS, Js.[1]

[1] By agreement of counsel the case was argued before and decided by four judges.

Argued November 8—decided December 5, 1940.

*James A. Dougherty*, for the appellant (defendant).

*Norman L. Spelke*, for the appellee (plaintiff).

JENNINGS, J. Execution on a judgment, secured by the plaintiff against Thomas J. Monty and Lena V. Monty, was returned satisfied in part. The plaintiff seeks in this action to obtain the balance from the defendant as surety on a bond signed by the Montys as principals. The question to be decided is whether the defendant is obligated to pay under the terms of the instrument.

The finding may be summarized as follows: On April 20, 1939, an automobile was attached in an action brought by the plaintiff against the Montys. It was agreed by the attorneys for the parties that a release of attachment bond would be furnished by the Montys. A bond was thereafter prepared under the direction of the attorney for the Montys, was signed by them and by the defendant and delivered to the attorney for the plaintiff who released the attachment. Neither the plaintiff nor his attorney made any representations or inducements to the defendant or had

anything to do with obtaining the bond from her. The bond is set forth in the footnote.[1]

The action resulted in a judgment for the plaintiff amounting to $531.51 under date of August 30, 1939. The Montys refused to satisfy the execution and, under it, the sheriff sold the automobile originally attached by him. He delivered the net proceeds of $92.50 to the plaintiff. On these facts the trial court concluded that the bond was a valid common law bond which obligated the defendant to pay the balance due on the judgment.

The assignments of error claim in effect that the

---

[1] KNOW ALL MEN BY THESE PRESENTS, THAT THOMAS J. MONTY and LENA V. MONTY, husband and wife of Greenwich, Connecticut as principal, and JOSEPHINE MARZULLA of Greenwich, Connecticut as surety, are holden and firmly bound jointly and severally unto JOSEPH D. CURLEY of Greenwich, Connecticut in the penal sum of Six Hundred ($600.00) Dollars, to which payment well and truly to be made, we hereby bind ourselves, our heirs, executors and administrators, firmly by these presents.

THE CONDITION of this obligation is such that, whereas the said JOSEPH D. CURLEY has brought an action against the said THOMAS J. MONTY and LENA V. MONTY, said action being returnable to the Town Court of Greenwich for Fairfield County on the first Tuesday of May, 1939, and signed by Elias Cramer as a Commissioner of the Superior Court of Fairfield County, and by direction of said writ an attachment has been placed upon property of the said THOMAS J. MONTY and LENA V. MONTY as follows: 1 Packard Sedan—

NOW THEREFORE, if the said THOMAS J. MONTY and LENA V. MONTY shall pay any judgment that may be recovered against them in such action not exceeding the amount of Six Hundred ($600.00) Dollars (the amount of damages demanded by said writ), or in default of such payment, shall pay to the officer having the execution issued on such judgment, on demand, then this bond shall be void, but otherwise in full force and effect.

Dated at Greenwich, Connecticut this 29th day of April, 1939.

|  |  |
|---|---|
| Thomas J. Monty | L. S. |
| Lena V. Monty | L. S. |
| her | |
| Josephine X Marzullo | L. S. |
| mark | |
| Witness R. F. Marzullo | |

subordinate facts found do not support this conclusion. The defendant claims that the terms of the condition of the bond are ambiguous and that the circumstances surrounding its execution require that it be construed as a statutory bond given to release an attachment under General Statutes, § 5736. No request for reformation on the ground of fraud or mistake being made, we first examine the condition to see if its meaning is plain. The fair import of the language used governs. *Lewis* v. *Dwight,* 10 Conn. 95, 99.

It first provides that the bond shall be void if the judgment is paid. No claim of ambiguity is made as to this provision. The alternative is "or in default of such payment, shall pay to the officer having the execution issued on such judgment, on demand, . . ." If this is meaningless, as claimed by the defendant, the first condition stands. If any meaning attaches to it, it is a repetition of the first condition differing from it only in that it describes an involuntary rather than a voluntary payment. There is no such ambiguity in these terms as to call for construction. In discussing a similar instrument in *Schunack* v. *Art Metal Novelty Co.,* 84 Conn. 331, 80 Atl. 290, this court said, at page 336, "The tenor of the present instrument is very different from that of the statutory form. It was given and accepted by mutual agreement of the parties. It was not imposed upon the plaintiff through the operation of legal proceedings. Its tender did not compel the surrender of the property attached. In the present case the plaintiff conducted the negotiations, and made the agreement which resulted in the acceptance of the bond, the release of the attachment, and the surrender of the property. The officer acted under his direction. What each did was of his own free will. As the result of their voluntary action, they not only put it out of

their power to compel a return of the property, and thereby discharged the attachment, but they expressly undertook to and did formally discharge it, and put the property back into the defendant's hands free of lien. From this time on the attachment disappeared from the scene, and the bond was held as the only security for the satisfaction of a judgment. Between the attachment, which thus came to an end, and the bond which came into existence, there was no other connection than that the release of the attachment furnished the consideration for the delivery of the bond. It occupied as independent a position as if there had been no attachment, and it must stand or fall upon its own merits." This quotation disposes of the defendant's claim that this was a statutory and not a common law bond, if anything is needed beyond the terms of the bond itself. As to her claim that the plaintiff forfeited his right to sue on the bond by first resorting to the levy of execution on the automobile, see *Jacobs & Co.* v. *Steiber*, 90 Conn. 507, 509, 97 Atl. 763. It is there held, following the *Schunack* case, that such a bond is "a new security entirely disconnected with the [attachment] lien." See also *Fazzano* v. *Martin*, 94 Conn. 91, 108 Atl. 512.

The penalty clause of the bond binds the obligors to pay the obligees $600. The brief of the defendant indicates a failure to appreciate the obligation assumed when such an instrument is signed. For example, much is said about it being a "wind fall" and about lack of consideration. Getting back to first principles, we find the following statement in 1 Swift's Digest, 677: "It is a clear principle of the common law, that the obligee may bring an action for the penalty only, without stating the conditions, and a negation of the payment of the penalty is a sufficient allegation of the breach." The complaint is framed

on this theory. The answer admits the execution of the bond and nonpayment.

In this situation, the burden of proving the special defenses is on the defendant. The essential allegation of these defenses is that the bond was conditioned on the payment to the officer having the execution the actual value of the attached property. No such condition appears in the bond. They also contain allegations which might possibly have been relevant on a claim for reformation on the ground of mistake, but no such claim having been made, these allegations are irrelevant. As previously stated, the terms of the condition and their purpose are plain and the defendant is bound thereby. The conclusion of the trial court was the only one admissible under the pleadings, which imposed upon the defendant the burden of proof above stated.

There is no error.

In this opinion the other judges concurred.