RUTH C. GOODHALL *v.* WILLIAM J. COX, HIGHWAY COMMISSIONER.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued April 14—decided May 22, 1942.

*John Buckley,* for the appellant (plaintiff).

*Leo V. Gaffney,* assistant attorney general, with whom, on the brief, was *Francis A. Pallotti,* attorney general, for the appellee (defendant).

JENNINGS, J.   The highway commissioner is proceeding to take two strips of land through the property of the plaintiff for the purpose of highway drainage. In this action the plaintiff is seeking a mandamus to compel him to proceed under the provisions of Special Act No. 394 enacted in 1937, 22 Special Laws 789, authorizing the layout and construction of a highway to be known as the Wilbur Cross Parkway, with the requirements of which the commissioner has not complied.   The effect would be, if this claim should be established, that the proceeding the commissioner has begun to condemn the land would be illegal; and, if he is compelled to proceed under the act, the layout he would have to make would include all the plaintiff's improved land.

The finding is not attacked.   The plaintiff is the owner of a tract of land in Union bounded north by the state line and west and south by land condemned

for highway purposes. The highway runs past the western boundary of the plaintiff's property. The right of way south of the plaintiff's property is about two hundred and ninety feet wide, the present traveled way being located in the westerly ninety-foot strip. Owing to inability to agree with the plaintiff on the price to be paid for her property, the easterly two hundred feet of this right of way, not used for highway purposes at this time, stops at the southern boundary of her land. The width of the right of way opposite her property is thus reduced to about ninety feet.

The finding recites an elaborate state of facts from which the plaintiff claims that the section of highway on which her land abuts is a part of the Wilbur Cross Parkway. A section which is admittedly a part of that parkway ends about five miles south of the plaintiff's property. From that point to the state line a layout of a multiple lane highway has been approved. This is an apparent continuation of and has many of the characteristics of the Wilbur Cross Parkway. In the first proceedings filed to condemn these strips of the plaintiff's land, they were described to be in connection with the "trunk line highway commonly known as Route No. 15—the 'Wilbur Cross Parkway'." This notice was later amended to read for the draining of "trunk line highway commonly known as Route No. 15—the Stafford Springs–Sturbridge Road." Subsequent maps of this work were all labeled "Relocation Route No. 15." It was also found that the exact location of the Wilbur Cross Parkway had been determined for a distance of only the five miles south of the five-mile section here under consideration, between Tolland Station and the junction with Route 15, a very small part of its eventual total length. Also, while access to the Parkway proper was forbidden by condemna-

tion, access to the northerly five-mile strip described as "Relocation Route No. 15" was not forbidden and no attempt was made to comply with the provisions of the Parkway Act requiring the filing of a map with the town clerk of the town in which the property lay and the publication of the layout in a newspaper. The conclusion of the trial court that the layout in question was not a part of the Wilbur Cross Parkway was one which it could reasonably reach on the subordinate facts. It follows that the plaintiff is not entitled to the peremptory order asked for unless this conclusion was reached by the application of some erroneous rule of law.

The only rule of law involved is that relating to the burden of proof. The memorandum of decision indicates that the factual issue is not free from doubt and it is important that the rule should have been correctly applied. The essential allegation of the complaint is that the section of highway on which the land of the plaintiff abuts is a part of the Wilbur Cross Parkway and subject to the provisions of the special act. This is denied in the answer. The court ruled that the burden of proof on this issue was on the plaintiff. Whatever the rule in condemnation proceedings would be, the issue under discussion did not basically involve condemnation but the factual question, is this section of highway a part of the Wilbur Cross Parkway? In view of the denial of this allegation by the defendant, the burden of proof was on the plaintiff and the action of the court was correct.

Among the considerations urged on the court by the defendant was a claim that his action was predicated on other statutory provisions, and the treatment of this question was extensive both on the trial and on the appeal. The comparatively simple and definite factual issue discussed above is sufficient to sustain

the decision. The plaintiff is not appealing from the condemnation of drainage rights on her property but is seeking, by mandamus, to compel the defendant to condemn it all. Under these circumstances it is unnecessary to go into the applicability of these other statutory provisions in detail. Sufficient subordinate facts are found, however, to support a conclusion that the defendant was widening and relocating Route 15 under the provisions of General Statutes, §§ 1508, 1473.

After judgment and the filing of the finding, the plaintiff sought, by motion, to have the trial court take judicial notice of certain public documents not theretofore called to its attention. She claimed that these documents tended to prove that the five-mile section under consideration was a part of the Wilbur Cross Parkway. The motion was denied by the trial court and, while this action was not assigned as error and the motion was not formally renewed in this court, it has been pressed in the brief. The matter was one which should have been called to the attention of the trial court during the trial. *Nichols* v. *Nichols*, 126 Conn. 614, 622, 13 Atl. (2d) 591. The character of the documents is such that they are at most evidential. We could not use them because to do so would require us to enter into a determination of the essential factual issue presented to the trial court.

There is no error.

In this opinion the other judges concurred.