EZEKIEL SPITZ *v.* CENTURY INDEMNITY COMPANY.

MALTBIE, C. J., JENNINGS, ELLS, DICKENSON and INGLIS, Js.

Argued October 9—decided November 10, 1942.

*Charles A. Harrison,* with whom, on the brief, was *Milton G. Harrison,* for the appellant (defendant).

*Charles Suisman,* for the appellee (plaintiff).

JENNINGS, J. This is a suit against the surety on a bond. The facts are not disputed. Spitz and Max N. Abrams were tenants in common of property in New London. On October 5, 1938, Spitz brought suit against Abrams for an accounting and attached the interest of the latter in the common property. On February 1, 1939, Spitz brought another action against Abrams for partition in which the pendency of the accounting action, the existence of the attachment and the fact that Abrams had moved for a release of the attachment on filing a bond were recited. On April 19, 1940, the sale of the property in the partition suit was approved and the proceeds, $8100, were paid to the clerk of court.

On June 15, 1940, at the request of Abrams, Spitz released his attachment in the accounting action on receipt of the bond in suit. This was a common bond, executed by Abrams as principal and the defendant as surety, and was conditioned upon Abrams' paying any judgment in the accounting action. The penal sum was $4000. Thereafter Spitz and Abrams stipulated that judgment might enter in the partition suit awarding to each one half of the net avails of the sale. The defendant was not a party to this stipulation nor did it assist in the arrangements therefor. On September 13, 1940, judgment was entered in accordance therewith, each party to the stipulation receiving $3951.94.

On October 25, 1940, judgment was entered for Spitz against Abrams in the accounting action for $7629.90. This amount, less $1155.13, credited thereon as a result of the operations of Spitz as receiver of the property before its sale, is still due, an execution therefor having been returned unsatisfied. The trial court further found that there was no collusion between Spitz and Abrams, that there was no connection

between the disposition of the proceeds of either the partition suit or the receivership and the delivery of or obligation on the bond, and that the defendant did not rely on the sums received by Abrams as a means of reducing its liability under the bond. It rendered judgment for the full amount of the penal sum with interest.

The sole claim of the defendant's brief is that the accounting action and the partition suit were one and that therefore the amount realized by Abrams on the partition suit should be credited on the judgment eventually obtained by Spitz in the accounting suit. The short answer to this claim is that they were not one in fact and that the court has found that they were not one in effect. The condition of the bond was that Abrams should pay the judgment, not the value of the property attached. The bond was not given under order of court but resulted from the voluntary agreement of the parties. These characteristics distinguish it from the statutory bond given to release an attachment. It was a common-law bond creating a new and independent obligation. *Schunack* v. *Art Metal Novelty Co.*, 84 Conn. 331, 337, 80 Atl. 290; *Robertson & Govanne Contracting Co.* v. *Aetna Accident & Liability Co.*, 91 Conn. 129, 133, 99 Atl. 557; *Curley* v. *Marzullo*, 127 Conn. 354, 357, 17 Atl. (2d) 10. A surety upon payment of the debt is entitled to the benefit of all securities held by the creditor with respect to the debt for which the surety is bound. Spencer, Suretyship, §§ 245, 133; Williston, Contracts (Rev. Ed.), § 1266. The securities must, however, be held by the creditor with respect to the debt and the right of the creditor to apply them thereto "must exist and be absolute." *Glazier* v. *Douglass*, 32 Conn. 393, 399; *Tyler* v. *Wadingham*, 58 Conn. 375, 398, 20 Atl. 335. This is not the case here. After

the bond was given and the attachment was released, the attachment "disappeared from the scene, and the bond was held as the only security for the satisfaction of a judgment. Between the attachment, which thus came to an end, and the bond which came into existence, there was no other connection than that the release of the attachment furnished the consideration for the delivery of the bond. It occupied as independent a position as if there had been no attachment, and it must stand or fall upon its own merits." *Schunack* v. *Art Metal Novelty Co.*, supra. The execution on the judgment having been returned unsatisfied, the defendant is now claiming the benefit of the attachment which it gave its bond to release. The judgment was correct.

There is no error.

In this opinion the other judges concurred.