STATE EX REL. FRANK CAPURSO ET AL. *v.* STEPHEN A. FLIS, TOWN MANAGER OF THE TOWN OF FARMINGTON, ET AL.

O'SULLIVAN, C. J., BALDWIN, WYNNE, DALY and KING, Js.

474

Argued June 4—decided July 8, 1957

*J. Read Murphy* and *Craig Shea,* for the appellants (defendants).

*Frank R. Odlum,* for the appellees (plaintiffs).

Daly, J. The relators, hereinafter called the plaintiffs, brought this action against the respondents, hereinafter called the defendants, to secure an order in the nature of a mandamus to compel the named defendant, who is town manager of Farmington, and the defendant McCann, who is the zoning enforcing officer and building inspector, to issue to them a permit for the erection of a business building upon premises owned by them. From a judgment for the plaintiffs the defendants have appealed.

In their first assignment of errors, the defendants claim that the trial court erred in refusing to find certain facts which they assert were undisputed and another fact which they maintain was substantially uncontradicted. In their second and third assignments, they allege that the court erred in finding certain facts which they claim were unsupported by the evidence. Since they have pursued only a part of one of these assignments of error in their brief, we treat the others as abandoned. *Lockwood* v. *Wilson H. Lee Co.,* 144 Conn. 155, 160, 128 A.2d 330; *Somers* v. *Hill,* 143 Conn. 476, 480, 123 A.2d 468. The defendants' claim as to the challenged finding will be discussed hereinafter.

In their complaint, the plaintiffs alleged: On May 3, 1956, they owned, and still own, a parcel of land in Farmington. Prior to 1950, it had been zoned for business. During 1950, the town plan and zoning commission attempted to make a revision or amendment of the zoning laws of the town and claimed to have rezoned the plaintiffs' land as residence. The commission, by reason of its failure to comply with the provisions of § 838 of the General Statutes, did not validly change the zone of the land, and it remained in a business zone. Prior to May 4, 1956, the plaintiffs applied to the defendant

McCann for a permit to build a business building on their land and demanded the issuance of the permit forthwith. On May 4, 1956, McCann refused to issue the permit.

The return of the defendants contained four special defenses. In the first of these, they alleged that the 1950 zone changes had been in effect six years, and that substantial areas, including the plaintiffs' land, had been changed from one zone to another, or zones established; that a large number of inhabitants of the town had built houses relying upon the changes; and that the plaintiffs had made no effort to cite in adjacent property owners who would be adversely affected by the granting of the relief sought. In the second special defense, the defendants averred that the plaintiffs had failed to exhaust their administrative remedies because they had not appealed from the denial of their application for a building permit to the zoning board of appeals in accordance with the zoning regulations adopted April 27, 1950, or pressed to a conclusion an application for a change of zone which they had filed with the town plan and zoning commission.

In the third special defense, the defendants alleged that the plaintiffs acquired their property on April 7, 1954, and had actual and constructive knowledge of the existence of the zoning regulations; that they were guilty of laches in failing to prosecute this or a similar action to contest the validity of the 1950 zoning changes within a reasonable time after they acquired their property; that they came into court without clean hands; and that the town of Farmington would be prejudiced by the granting of the relief sought, in that the entire town would have to be rezoned and "numerous complaints, applications and even lawsuits would be threatened,"

all at great cost to the town and its inhabitants. In the fourth special defense, the defendants averred that the notices and the posting of maps which were promulgated and effected by the town plan and zoning commission in 1950 were substantially in compliance with the requirements of the statute and that the plaintiffs were not prejudiced by any of the alleged defects in the promulgation, the defects being merely procedural and ample notice having been furnished to interested parties, including the plaintiffs and their predecessors in title.

The plaintiffs denied the allegations contained in the special defenses. By alleging the facts stated in them, the defendants assumed the affirmative and had the burden of proving those facts. *Mercer Electric Mfg. Co.* v. *Connecticut Electric Mfg. Co.,* 87 Conn. 691, 697, 89 A. 909; *Curley* v. *Marzullo,* 127 Conn. 354, 359, 17 A.2d 10.

The defendants have pursued in their brief the assignment of error in which they allege that the court erred in finding that "[t]o grant the business building permit to the [plaintiffs] would not injure anyone." By their special defenses they raised the issue of injury to others and, as just stated, assumed the burden of proving the facts alleged in those defenses. Consequently, they had the burden of proving the fact that to grant the permit would injure others. They do not claim to have offered any evidence to prove that fact. Instead, they appear to have relied upon the presumption that the trial court would take judicial notice of it. It was not a fact of which the court could take judicial notice. Moreover, nothing in the record indicates that the court was asked to do so. Matter which it is claimed the court should judicially notice should be called to its attention by the party seeking to take advantage of

the matter so that, if there is ground upon which it may be contradicted or explained, the adverse party will be afforded an opportunity to do so. *Nichols* v. *Nichols,* 126 Conn. 614, 622, 13 A.2d 591; *Goodhall* v. *Cox,* 129 Conn. 79, 83, 26 A.2d 551. The court did not err in finding the challenged fact.

The defendants maintain that the validity of the 1950 zone changes cannot be determined in this mandamus action. We have no occasion in this case to consider this claim. By alleging in their special defenses that the "zoning ordinances have been in effect for six years" and that the "notices and map-postings which were promulgated and effected" by the town plan and zoning commission in 1950 "were substantially in compliance with the requirements" of the statute, and by averring in one of their assignments of error that the court erred in overruling their claim of law that the zone changes were valid and effective, they are estopped from claiming that the validity of the changes cannot be determined in this action. Maltbie, Conn. App. Proc. (2d Ed.) § 42.

The finding contains the following facts: On May 3, 1956, the plaintiffs owned a parcel of land in Farmington. They had acquired title to it in 1954. The named defendant was on May 3, 1956, the town manager of the town. The defendant McCann was the zoning enforcing officer and building inspector and had control of the issuance of building permits. Prior to 1950 the land owned by the plaintiffs was zoned for business. Sometime before May 4, 1956, the plaintiffs made application to the defendant McCann for a permit to build a business building on their land and demanded the issuance of the permit forthwith. On May 4, 1956, McCann denied the application for a permit and refused the demand for it on the ground that the plaintiffs' property had

been zoned for residential use by virtue of the 1950 zoning changes. During 1950 the town plan and zoning commission attempted to make a revision of, or amendment to, the zoning laws of the town and claimed to have changed the zone of the area in which the plaintiffs' land was located from business to residence. The plaintiffs' demand for the issuance of the building permit was based upon their claim that the area had been zoned for business prior to 1950, and that, since the provisions of § 838 of the General Statutes for a change in a zoning regulation or boundary had not been complied with, their land was still in a business zone.

It was further found: Notices of the time and place of a public hearing on the proposed changes in zone to be held by the commission on March 28, 1950, were published in "The Farmington Valley Herald" on March 16, 1950, in "The Hartford Courant" on March 19, 1950, and in "The Hartford Times" on March 22, 1950. The commission held the hearing on March 28. The descriptions of the boundaries of the proposed changes were prepared and written by the town engineer after that date. No map of the proposed changes was filed in the town clerk's office previous to the hearing. They were not published in any newspaper before they were made. The only map filed in the town clerk's office in connection with the proposed changes was received for filing on June 8, 1950. It was part of the book of zoning, which declared the effective date of the zoning to be April 27, 1950. No description of the proposed changes was filed in the town clerk's office until June 8, 1950. The commission voted that the changes were to become effective on April 27, 1950, and that notice of that effective date should be published on April 27, 1950, in "The Farmington Valley Herald." Notice

of the effective date was not published at least seven days before the day fixed as the effective date. The adoption of the proposed changes was voted at an executive committee meeting of the commission attended by four of its members. To grant the business building permit to the plaintiffs would not injure anyone.

The court concluded: Neither a copy of the proposed changes nor a map showing them was filed in the town clerk's office before the public hearing held on March 28, 1950, as required by § 838 of the General Statutes. The statutory requirement for publication of notice of the effective date of the proposed changes was not complied with. The change in the zoning of the plaintiffs' land was invalid, null and void, since the provisions of § 838 were not complied with. Their land was in a business zone before the purported change and remained in a business zone thereafter. They were entitled to the building permit which they had applied for. The action taken by them was timely, and judgment should enter for them for the relief requested.

The defendants contend that the facts and the evidence do not reasonably, legally or logically support the conclusions of the court and that it erred in reaching them. The conclusions are to be tested by the finding and not by the evidence. *Klahr* v. *Kostopoulos,* 138 Conn. 653, 655, 88 A.2d 332.

Section 838 of the General Statutes was in effect in 1950. It empowered zoning commissions to provide for the manner in which zoning regulations and the boundaries of zoning districts were to be "established and amended or changed." It stated: "No such regulation or boundary shall become effective or be established until after a public hearing in relation thereto held by the zoning commission or a

committee thereof . . . at which parties in interest and citizens shall have an opportunity to be heard. Notice of the time and place of such hearing shall be published in a newspaper having a substantial circulation in such municipality at least twice at intervals of not less than two days, the first not more than fifteen days and the last not less than two days before such hearing, and a copy of such proposed regulation or boundary shall be filed in the office of the town clerk in such municipality for public inspection at least fifteen days before such hearing, and may be published in full in such paper. . . . The provisions of this section relative to public hearings and official notice shall apply to all changes or amendments. Zoning regulations or boundaries or changes therein shall become effective at such time as may be fixed by the zoning commission, provided notice thereof shall have been published in a newspaper having a substantial circulation in the municipality at least seven days before such effective date."

The statutory requirements that a copy of the proposed change be filed in the office of the town clerk for public inspection at least fifteen days before the public hearing and that notice of the effective date of the change be published at least seven days before the date fixed by the commission as the effective date were not complied with. Compliance with the statutory procedure was a prerequisite to any valid and effective change in zonal boundaries. *Couch* v. *Zoning Commission,* 141 Conn. 349, 356, 106 A.2d 173; *Hutchison* v. *Board of Zoning Appeals,* 138 Conn. 247, 250, 83 A.2d 201. Consequently, the failure to comply with the requirements of § 838 rendered invalid the attempt to change the zoning of the plaintiffs' property.

The defendants claimed that the court erred in two rulings on evidence. Clair J. McDonall, a witness called by the defendants, testified that he was familiar with the problem of zoning and had bought property in the neighborhood of the plaintiffs' land. He was asked whether he had inquired as to the zoning status of his property when he bought it. An objection by the plaintiffs was sustained. It does not appear that McDonall had testified as to when he bought his property. He was not asked whether he had endeavored to learn the status of the plaintiffs' land, the property in question in this action. Furthermore, counsel for the defendants stated that the question was relevant to the matter presented by the allegation in their first special defense that the plaintiffs had failed to cite in adjacent property owners. The plaintiffs were not bound to cite in adjacent property owners. *National Transportation Co.* v. *Toquet,* 123 Conn. 468, 482, 196 A. 344. McDonall was also asked whether he recollected any previous attempts to change the zone of the plaintiffs' land. The plaintiffs' objection to the question was sustained. If the defendants' purpose in asking this question was to prove that the plaintiffs had recognized the validity of the 1950 zoning changes, it is not apparent from the question, since the witness was not asked whether the plaintiffs had attempted to have the zoning of their property changed from that of a residential zone. Furthermore, the best evidence of their recognition of the validity of the 1950 changes would be an official record showing that they had applied for a change of zone from residence to business. A fact appearing in a public record cannot be proved by hearsay. *Gray* v. *Mossman,* 91 Conn. 430, 437, 99 A. 1062; *Hogewoning* v. *Hogewoning,* 117 Conn. 264, 266, 167 A.

813. The court did not err in its rulings on evidence.

Since the court correctly found that the 1950 zoning changes were not valid and effective and did not find the facts alleged by the defendants in their special defenses or that the plaintiffs were guilty of laches, the plaintiffs had a clear right to the relief sought.

There is no error.

In this opinion the other judges concurred.