BROCKETT C. WAGNER ET AL. *v.* PATRICIA E. KEVAN

SUPERIOR COURT    MIDDLESEX COUNTY    FILE No. 17068

Memorandum filed July 5, 1968

*Dzialo, Pickett & Allen,* of Middletown, for the plaintiffs.

*Howard, Kohn, Sprague & FitzGerald,* of Hartford, for the defendant.

PALMER, J. This is a motion by the defendant (1) to set aside the verdict for the three plaintiffs herein in the aggregate amount of $31,814.34 on the ground

that the law of Rhode Island should have been applied to determine the substantive rights of the plaintiffs; and (2) to set aside the verdict in the amount of $30,000 for the plaintiff Brockett C. Wagner and in the amount of $1195 for the plaintiff Roy E. Wagner on the ground that it is excessive. Said plaintiffs are hereinafter called the plaintiffs.

I

In their original complaint, as well as in their substituted complaint, the plaintiffs claimed damages for personal injuries alleged to have been caused by the negligence of the defendant when an automobile driven by the plaintiff Brockett P. Wagner collided with an automobile driven by the defendant in the state of Rhode Island. Neither the original nor the substituted complaint contained any allegation that the plaintiff driver was free from contributory negligence. In both the answer and the special defense to the original complaint and in the answer and the special defense to the substituted complaint, which answer was filed December 21, 1967, the defendant denied the material allegations of the complaint and alleged affirmatively that "[t]he damage and injuries alleged to have been caused to the plaintiffs . . . was caused by the carelessness, negligence and/or recklessness of the plaintiff Brockett C. Wagner" in five enumerated respects.

The trial commenced on March 21, 1968, and continued on March 26, 27 and 28, 1968. After the adjournment of court on Thursday, March 28, 1968, the defendant's attorney came to the presiding judge in chambers privately, without the knowledge of the attorney for the plaintiffs, and stated that he wished to inform the court that he intended to make the claim that under Rhode Island law the burden of proof is on the plaintiffs to prove their freedom

from contributory negligence, and, further, that he did not want the attorney for the plaintiff to be informed that this claim was to be made. At that time defendant's attorney handed the presiding judge a request to charge which, inter alia, contained the following. "2. The burden of proof is on the Plaintiffs to prove their freedom from contributory negligence and they must sustain that burden in order to recover. In the event they do not sustain this burden of proof, as I shall explain to you, then and in that event you must return a Defendant's verdict. *McVeigh* v. *McCullough* 192 Atl. 2nd, 437; *Faubert* v. *Shartenberg's, Inc.* 195 Atl. 218; *Tenbrincks* v. *Woolworth's* 153 Atl. 245."

The evidence was concluded on Friday, March 29, 1968. After both sides rested, defendant's counsel spoke as follows: "Your Honor, at this time I would like to move for a directed verdict, and I would like to ask that you take judicial notice of the cases that I referred to in my request to charge, and with permission at this time, so I won't forget it, I will furnish enough copies to the Clerk." Thereupon, the plaintiffs' attorney received a copy of the request to charge and was apprised for the first time of the defendant's claim that the law of Rhode Island should be applied and that under that law the burden of proof rested upon the plaintiffs to prove the plaintiff driver's freedom from contributory negligence in order to maintain this action. The defendant's attorney then continued as follows: "Your Honor, very respectfully, our position is that the accident happened in Rhode Island, and therefore Rhode Island law should apply, and under it, we indicated in our request to charge, the plaintiff should show that he was free from contributory negligence." The court denied the defendant's motion for a directed verdict on this ground for the reasons hereinafter stated.

Contrary to her present claim that "[i]n a negligence case in Rhode Island it is necessary that a plaintiff must plead and satisfactorily show freedom from contributory negligence" the defendant affirmatively alleged that the plaintiff driver was guilty of contributory negligence and maintained that stance until the presentation of evidence was concluded and both sides had rested. The plaintiff had denied the allegations contained in the special defense of contributory negligence. . . . "By alleging the facts stated in . . . [the special defense], the . . . [defendant] assumed the affirmative and had the burden of proving those facts. *Mercer Electric Mfg. Co.* v. *Connecticut Electric Mfg. Co.,* 87 Conn. 691, 697 . . . ; *Curley* v. *Marzullo,* 127 Conn. 354 . . . ." *State ex rel. Capurso* v. *Flis,* 144 Conn. 473, 477. In a number of cases decided after the enactment of § 1399e of the 1939 Supplement; Rev. 1949, § 7836; General Statutes § 52-114; which placed the burden of proof of contributory negligence upon the defendant, our Supreme Court has held that where the plaintiff alleged he was in the exercise of due care it was incumbent upon him to prove it. *Colligan* v. *Reilly,* 129 Conn. 26, 28; *Boyd* v. *Geary,* 126 Conn. 396, 399; *Yanez* v. *DeRosa,* 118 Conn. 471, 472; see Stephenson, Conn. Civ. Proc. § 102b.

Assuming without deciding that, as the defendant here claims, the law of Rhode Island places the burden of pleading and proving freedom from contributory negligence upon the plaintiff so that the defendant had no burden of pleading it, the court is unable to perceive any difference or distinction between a plaintiff who unnecessarily pleads freedom from contributory negligence, and is thereby held to have assumed the burden of proof on that issue, and a defendant who alleges that the plaintiff was contributorily negligent when he is not required to do so. In each case a party voluntarily assumed the

affirmative upon the issue, as the defendant did in this case if her claim in regard to Rhode Island law is correct. She is not now in a position to claim error either because the court refused to direct a verdict in her favor or because the court charged that she had the burden of proof on the issue of contributory negligence. *Yanez* v. *DeRosa,* supra.

The defendant's tactic in the instant case of specially alleging that the plaintiff driver was guilty of contributory negligence and withholding from the plaintiffs until the conclusion of the evidence any intimation that she intended to claim that the plaintiffs' failure to allege that the plaintiff driver was free from negligence entitles the defendant to a directed verdict smacks of trial by deception and ambush and is unworthy of the standards of a fair trial that now presumably prevail in our trial courts.

Familiar principles of estoppel and waiver should be applied to the defendant's conduct in the case at bar. "Estoppel rests upon the misleading conduct of one party to the prejudice of the other." *MacKay* v. *Aetna Life Ins. Co.,* 118 Conn. 538, 548; *Breen* v. *Aetna Casualty & Surety Co.,* 153 Conn. 633, 643. It is obvious that the plaintiffs relied, as the defendant intended they should until after the completion of the evidence, on the defendant's affirmative pleading of contributory negligence. Assuming the defendant's subsequent claim as to the applicable Rhode Island law is correct, such reliance was greatly to the plaintiffs' detriment. Accordingly, the defendant is estopped to assert that it was the plaintiffs' burden to plead and prove freedom from contributory negligence.

"Waiver, as distinguished from estoppel, is the intentional relinquishment of a known right. *Andover* v. *Hartford Accident & Indemnity Co.,* 153 Conn.

439, 444 . . . ; *Jenkins* v. *Indemnity Ins. Co.,* 152 Conn. 249, 257 . . . . It is not necessary that it be in express terms. It may be inferred from the circumstances if it is reasonable to do so. *DiFrancesco* v. *Zurich General Accident & Liability Ins. Co.,* 105 Conn. 162, 168 . . . ." *Breen* v. *Aetna Casualty & Surety Co.,* supra. If the law of Rhode Island requires a plaintiff to plead and prove his freedom from contributory negligence, as the defendant claims, then the defendant knew that she had the right to have the plaintiffs do so. Under these circumstances, her own act in specially and affirmatively pleading that the plaintiff driver was contributorily negligent cannot be interpreted other than as a voluntary relinquishment of a known right. The defendant must be held to have waived her right to invoke the law of Rhode Island as she claims it to be.

In her brief, the defendant further urges that the court on its own initiative should have taken judicial notice of the Rhode Island law pursuant to § 52-164 of the General Statutes and points out that this statute imposes no condition that notice be furnished to opposing counsel.[1] A line of decisions of our Supreme Court runs directly counter to the defendant's argument. "[M]atter which it is claimed the court should judicially notice should ordinarily be called to its attention by a party seeking to take advantage of it in the course of presenting evidence in the case so that, if there is ground upon which it may be contradicted or explained, the adverse party will be afforded an opportunity to do so . . . ." *Nichols* v. *Nichols,* 126 Conn. 614, 622; *State ex rel. Capurso* v. *Flis,* 144 Conn. 473, 477. "It is important

---

[1] "Sec. 52-164. REPORTS OF JUDICIAL DECISIONS OF OTHER STATES. The reports of the judicial decisions of other states and countries may be judicially noticed by the courts of this state as evidence of the common law of such states or countries and of the judicial construction of the statutes or other laws thereof."

to point out, however, that the court need not take judicial notice of the law of a foreign jurisdiction, whether common law or statutory, under General Statutes §§ 51-32, 52-163 and 52-164, unless authoritative sources of the foreign law, subject to inspection or verification by opposing counsel, are made available to the court by reference or otherwise, under the usual rules for judicial notice as outlined in cases such as *Nichols* v. *Nichols*, . . . [supra, and] *State ex rel. Capurso* v. *Flis*, . . . [supra]." *Heating Acceptance Corporation* v. *Patterson*, 152 Conn. 467, 475.

Under the circumstances of this case, where counsel for the defendant disclosed to the court privately, with the stipulation that no disclosure be made to plaintiffs' counsel, his claim that under Rhode Island law the plaintiffs must plead and prove freedom from contributory negligence, the court was fully justified in refusing, as it did refuse, to take judicial notice of the claimed Rhode Island law. The defendant's purpose was not to invoke the law of Rhode Island in order to require the plaintiffs to conform to that law; her purpose was to wait until it was too late for the plaintiffs to do so, and then to spring her trap. It is only fair that a trap so conceived should yield nothing.

## II

The verdict of the jury awarded the plaintiff Brockett C. Wagner, hereinafter called the plaintiff, $30,000, and awarded the plaintiff Roy E. Wagner, the plaintiff's father and next friend, the sum of $1195, which represented the plaintiff's past and future medical expenses. The defendant contends the verdict is excessive. This claim raises the issue "whether the total amount of the verdict falls within the necessarily flexible limits of fair and reasonable compensation or is so large as to offend the sense of

justice and compel the conclusion that the jury were influenced by partiality, prejudice or mistake." *Gorczyca* v. *New York, N.H. & H.R. Co.*, 141 Conn. 701, 703. The test to apply "is whether the award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury were influenced by partiality, prejudice, mistake or corruption." *McKirdy* v. *Cascio*, 142 Conn. 80, 86.

On August 4, 1964, the plaintiff, who was a resident of Haddam, Connecticut, was staying with his family at a beach near Westerly, Rhode Island. He was employed for the summer at the Castle Hotel in Old Saybrook, Connecticut, and he was on his way to work at about 10:20 a.m. when he was involved in a collision with a car driven by the defendant. He was rendered unconscious as a result of the accident and awoke in the emergency room of a Westerly, Rhode Island, hospital. He was suffering from a headache, dizziness, nausea and pain in his right knee. He was then sixteen years of age, weighed 225 pounds, and was six feet three inches tall.

The plaintiff returned to the beach cottage where his family was staying, but his headache did not subside; in fact, its intensity increased. He went to bed, and when he got up to go to the bathroom he passed out, without warning. He was lying on the floor when he regained consciousness. On that same day, the day of the accident, he suffered another fainting spell. He did not return to his job in Old Saybrook, and the day after the accident he fainted twice. He went to the office of a physician in Westerly, at which time he still had a headache and his knee was stiff. His headache continued during the entire twelve-day period he and his family remained

in Rhode Island, and he fainted approximately six times during this period. He has had a total of twenty-five to thirty fainting spells since the accident.

Before the plaintiff faints his heart starts to beat faster, and when he actually faints, he becomes stiff and falls like a tree. His head hits first, and as a result of these falls he has sustained bruises, his eyes have been blackened and his nose bloodied. On an occasion in May, 1967, he fainted, and it was necessary to bring him to a hospital before he revived. He was "out," on this occasion, for two and one-half hours. On the fourth day of the trial of this case he had a headache while in the courtroom and thought he might faint, but was able to control it. Prior to the trial, his last fainting spell occurred in September, 1967. He was taking tranquilizers at the time of the trial. Since the accident, he has been afflicted with a slight stammer. He sometimes has to repeat the first syllable of a word several times before he can say the word correctly.

Dr. Campbell-James, an orthopedic specialist who examined the plaintiff on July 21, 1966, August 10, 1966, and March 15, 1968, testified that there was a roughening of his kneecap as a result of the automobile accident; that the knee joint will never return to normal; that the plaintiff will continue to have pain, stiffness and discomfort in the knee, with an arthritic involvement; and that the knee requires a surgical operation. It may become necessary to remove the plaintiff's kneecap.

Dr. Waldman, a neurologist who treated the plaintiff in July and August of 1966, testified that he was suffering from a permanent brain condition which is the cause of his fainting episodes. It is apparent from the testimony in this case that the jury could reasonably infer that the plaintiff is

likely to experience fainting spells during the remainder of his life. His actuarial life expectancy at the time of the trial was forty-eight years.

At the time of the accident the plaintiff was attending Augusta Military Academy in Fort Defiance, Virginia, and was planning to enter the military service as a permanent career. After the accident, he successfully completed his studies at the military academy, but he was rejected for military service by reason of his physical condition, which resulted from this accident.

It is frequently stated by courts, in proceedings to set aside a verdict as excessive, that the verdict is a liberal or generous one but should stand. In this case the court does not believe that the verdict was especially liberal or generous. Most certainly it falls within the limits of fair and reasonable compensation. In no way does it so shock or offend the sense of justice as to compel the conclusion that the jury were influenced by any improper motives.

The defendant's motion to set aside the verdict is denied.