STATE OF CONNECTICUT *v.* DENNIS GRIFFIN

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 505

Argued April 19—decided June 23, 1978

*John Wirzbicki,* for the appellant (defendant).

*Carl R. Ajello,* attorney general, and *Joseph X. DuMond, Jr.,* assistant attorney general, for the appellee (plaintiff).

DAVID M. SHEA, J. The state, acting through the commissioner of social services, brought this action pursuant to General Statutes §§ 17-82e and 17-324 to obtain an order requiring the defendant to make support payments for his son who has been receiving benefits under the aid to dependent children program. The trial court ordered the defendant to pay $5 per week for current support and an additional $5 per week for an arrearage of $2100 for past support of the child. In this appeal the defendant does not contest the propriety of the current support order but does assign error with respect to the finding of the arrearage and the related order of payments. He claims that the statute involved is invalid as applied to him because it imposes a retroactive obligation in violation of his rights of due process and of equal protection of the laws.

The facts set forth in the finding are not contested and indicate the following: On October 28, 1968, the defendant acknowledged paternity of his

son, who had been born on September 28, 1968. At various times he has contributed to the support of his son. Because the child had been receiving aid to dependent children, the commissioner of social services investigated the financial condition of the defendant father in accordance with General Statutes § 17-82e. The commissioner decided that the defendant should pay $117.30 per month for the support of his child in accordance with the reasonable contribution scale established by the commissioner and also that the defendant owed $5505.83 for support furnished by the state prior to the date of that determination. On September 3, 1976, written notice of the commissioner's action was sent to the defendant. Before that date no state agency had ever notified him that he was obligated to make support payments for his son. When he failed to comply with the determination of the commissioner, a petition for enforcement was filed in the Court of Common Pleas in accordance with General Statutes § 17-324. At the trial of the case it was stipulated that an order might enter for $5 per week for current support of the child. It was also stipulated that, subject to the question of the validity of any arrearage for support prior to the date of notice of the commissioner's action, the amount owed by the defendant would be $2100. The court decided the issue of the validity of the arrearage adversely to the defendant and rendered judgment in accordance with those stipulations, ordering also a weekly payment of $5 on the arrearage.

The basis for the attack upon the constitutionality of § 17-82e[1] is the provision which authorizes the

---

[1] "[General Statutes] Sec. 17-82e. INVESTIGATION OF SPOUSE, PARENTS AND CHILDREN. The commissioner shall investigate the financial condition of each applicant's and recipient's husband or wife, and in the case of an applicant or recipient who is less than eighteen years of age, his father and mother, and in the case of an applicant who is less than sixty-five years of age, his child or children, and shall make a determination as to the financial ability

commissioner's determination of the support contribution ordered to be paid by the legally responsible relative to be made "retroactive to the date of granting of assistance." The words quoted were inserted into the statute by Public Acts 1976, No. 76-334, effective June 2, 1976. Before that amendment the determination of the commissioner created a liability only from the date of the written notice of the determination given to that relative. The defendant contends that the obligation which the amendment seeks to create retroactively is unconstitutional.

At the outset, although the parties have not raised the issue, we must decide whether the amendment must be construed to impose liability for the period prior to its effective date, or whether the retroactive operation was intended to be limited to the period after that date but prior to notice

of each relative referred to herein to contribute to the applicant's or recipient's support in accordance with a reasonable contribution scale established by said commissioner, and shall notify in writing each such relative of the amount each is found able to contribute toward such support, and each such relative shall be liable in said amount from the date of such notice, retroactive to the date of granting of assistance, unless and until such support responsibility shall be otherwise fixed by a court of competent jurisdiction. When any finding or written agreement to support, or any modification thereof is made with the commissioner by the liable relative and is filed with the clerk of the . . . [court of common pleas] serving the geographical area in which the . . . liable relative resides, such agreement shall have the same force and effect as an order of support by . . . [the court of common pleas], and shall be enforceable in the same manner as orders of support issued by . . . [the] court, provided, any court of competent jurisdiction called upon to enforce such agreement, including a finding consented to by the relative, after notice to all parties, shall fully review such determination as to financial ability and shall insure that such determination is reasonable in light of the relative's ability to pay and may modify such finding prospectively, retroactively or both. Such determination shall not be affected by appeal but shall continue in effect, until the appeal is denied, or unless changed by order of the court. The commissioner shall periodically reinvestigate the financial condition of such relatives and shall give written notice of any change in the determination of ability to contribute."

of the commissioner's determination. "No provision of the general statutes, not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have a retrospective effect." General Statutes § 55-3. This statute is declaratory of the common law. *Wentworth* v. *L. & L. Dining Co., Inc.,* 116 Conn. 364, 370; *Zalewski* v. *Waterbury Mfg. Co.,* 89 Conn. 46, 48. Whether the question involves either the construction or the constitutionality of § 17-82e as amended, it is essential to decide whether "any new obligation" has been imposed upon the defendant by its enactment. Neither the common-law presumption against retrospective construction nor the provisions of § 55-3 are applicable to statutes which are merely procedural in character and do not affect substantive rights. *Toletti* v. *Bidizcki,* 118 Conn. 531, 537.

The trial court reasoned that no additional obligation was imposed upon the defendant by the amendment to § 17-82e with respect to the past support of his child because he was already indebted to the state for such support by virtue of General Statutes § 17-83e, which provides that "the parents of an aid to dependent children beneficiary shall be liable to repay to the state the full amount of any such aid paid to or in behalf of . . . his child or children." The effect of § 17-83e is to impose upon the parents of such a beneficiary a full liability to repay the state the amount of the benefits awarded. *Thibeault* v. *White,* 168 Conn. 112, 117. It is also clear that in a paternity proceeding under General Statutes § 52-442 (Rev. to 1977), the defendant would be required to pay the state, to the extent of its contribution, for the "support and maintenance of the child until the time of rendering judgment," in addition to the future support of the child. Even in the absence of preexisting statutes providing for recoupment by the state of amounts paid

to support dependent children, we can see no unfairness or injustice in compelling repayment of the state's contribution from the persons primarily chargeable for their support. *State* v. *Romme,* 93 Conn. 571, 575. We agree with the trial court that the amendment to § 17-82e did not impose upon the defendant a new substantive liability which would invoke the presumption against retrospective construction of a statute or which would constitute a deprivation of his rights without due process of law. The amendment merely established another procedure for the collection of funds previously expended by the state for the support of dependent children for which the defendant was already indebted.

The defendant's claim that he is being denied equal protection of the laws assumes that the commissioner is not authorized by the amendment to § 17-82e to make a determination of a support arrearage with respect to any person who had been ordered to make prospective support payments prior to June 2, 1976, the effective date of the amendment. If this assumption were correct, his contention would be sound that the statute irrationally creates two classes of parents of aid to dependent children recipients, those who were billed only for current support prior to the amendment, and those, like the defendant, who, because of the commissioner's delay in making the support determination until after the amendment, have been ordered to pay for past support furnished by the state as well. There is nothing in the statute to warrant the restriction upon the authority of the commissioner which the defendant postulates. The amendment to § 17-82e empowers the commissioner to make a retroactive determination of liability regardless of whether a parent had been ordered previously to pay current support. This construction

of the statute removes entirely the basis for the defendant's claim that his right to equal protection of the laws has been violated.

There is no error.

In this opinion PARSKEY and A. ARMENTANO, Js., concurred.