ROY D. YOUNG, EXECUTOR (ESTATE OF SAMUEL
YOUNG), ET AL. *v.* CHRISTOPHER MARX ET AL.
(8905)
(9090)

DALY, J., NORCOTT and CRETELLA, Js.

Argued December 10, 1990—decision released February 12, 1991

*Sanford Dean Kaufman,* with whom were *Eric N. Wellman* and, on the brief, *Peter S. Vannucci,* for the appellants (plaintiffs).

*Thomas J. Shortell,* with whom, on the brief, were *Katherine C. Callahan* and *Laura B. Frankel,* for the appellee (named defendant).

*Thomas P. Weldy,* for the appellee (defendant Kapetan, Inc.).

DALY, J. The plaintiffs[1] instituted an action for negligence against the defendants.[2] From a summary judgment rendered in favor of the defendant Christopher Marx and from a summary judgment rendered in favor of the defendant Kapetan, Inc., the plaintiffs filed separate appeals.[3]

The plaintiffs are the owners and the lessee of a warehouse located at 8 Rose Hill Avenue, Danbury, in which the second floor collapsed. The second floor was an addition constructed by Kapetan utilizing the designs of an architect, John Cruet, and the structural expertise of an engineer, Marx. Kapetan substantially completed the floor on July 31, 1979, and it collapsed in September, 1986. The plaintiffs commenced this action on July 22 and 23, 1987.

Cruet filed a motion for summary judgment based on the statute of limitations, which the trial court, *Hickey, J.,* denied.[4]

---

[1] The plaintiffs Sanford Haufman and Stanley Klein are also coexecutors of the estate of the decedent, Samuel Young. The plaintiff Fairfield Processing Corporation is the lessee of certain property owned by the coexecutors.

[2] The other, unnamed defendants are Kapetan, Inc., a general contractor, and John Cruet, a licensed architect.

[3] The defendant John Cruet and the plaintiffs have agreed to be bound by this decision.

[4] General Statutes § 52-584a provides in pertinent part: "(a) No action . . . shall be brought against any architect or professional engineer per-

The defendants, Marx and Kapetan, subsequently filed motions for summary judgment based on the statute of limitations which were granted by the trial court, *Moraghan, J.* The plaintiffs appeal from the judgments granting the latter motions, and claim that the trial court improperly granted the motions for summary judgment because it failed to follow the law of the case and incorrectly construed the statute of limitations. We disagree.

A judge is not bound to follow the earlier decisions of another judge in the same proceedings. If the same point of law is raised again in the proceedings before another judge, the question may be reconsidered if the court believes it was incorrectly decided earlier. Thus, the law of the case principle is a flexible concept, adaptable to the exigencies of different cases. "The adoption of a different view of the law by a judge in acting upon a motion for summary judgment than that of his [or her] predecessor in considering such a motion or some other pretrial motion is a common illustration of this principle. . . . From the vantage point of an appellate court it would hardly be sensible to reverse a correct ruling by a second judge on the simplistic ground that it departed from the law of the case established by an earlier ruling." (Citations omitted.) *Breen* v. *Phelps,* 186 Conn. 86, 100, 439 A.2d 1066 (1982).

Summary judgment shall be rendered if the pleadings, affidavits and other proof submitted show that

forming or furnishing the design, planning, supervision or observation of construction or construction of such improvement *more than seven years* after substantial completion of such improvement.

"(b) Notwithstanding the provisions of subsection (a) of this section, in the case of such an injury to property . . . which injury occurred *during the seventh year* after such substantial completion, an action in tort to recover damages for such an injury or wrongful death may be brought within one year after the date on which such injury occurred . . . but in no event may such an action be brought more than eight years after the substantial completion of construction of such an improvement." (Emphasis added.)

there is no genuine issue as to any material fact and that the movant is entitled to the judgment as a matter of law. Practice Book § 384. Because the parties do not dispute the chronology of this case, the sole legal issue is whether the injury occurred more than seven years after substantial completion of the addition. General Statutes § 52-584a. In the first summary judgment involving Cruet, the trial court determined that the collapse had occurred during the seventh year, while the second trial court held that injury occurred more than seven years after substantial completion.

General Statutes § 52-584a provides in part that "No action . . . shall be brought . . . more than seven years after substantial completion . . . . (b) Notwithstanding [the above] . . . an injury to property . . . which . . . occurred during the seventh year after such substantial completion . . . may be brought within one year after the date on which such injury occurred . . . but in no event . . . more than eight years after substantial completion . . . ." We agree with the second trial court that the *injury* must occur within the seven years, but the *action* may be brought in the eighth if the injury occurs in the seventh year.

Where legislative intent is clear, and the language used is unambiguous, there is no room for statutory construction. B. Holden & J. Daly, Connecticut Evidence § 50. When a statute does not define a term, however, it is appropriate to consult the common understanding expressed in the law and in dictionaries. *Beloff* v. *Progressive Casualty Ins. Co.*, 203 Conn. 45, 49, 523 A.2d 477 (1987).

Ballentine's Law Dictionary (3d Ed.) defines during as "[t]hroughout a period of time" and "[a] point of time within a period." Webster, Third New International Dictionary defines during as "[t]hroughout the continuance or course of" and "at some point in the course

of." The American Heritage Dictionary (New College Ed.) states that during means "[t]hroughout the course or duration of," "[w]ithin the time of" and "at some time in." Applying these definitions, we interpret the statute as stating that the injury must occur within seven years after substantial completion. Because the plaintiffs' injury here occurred more than seven years after substantial completion of the addition, and not during the seventh year, we find that their complaint cannot comply with the statute of limitations. Therefore, we agree with the second trial court that summary judgment lies for the defendants.

The judgment is affirmed.

In this opinion the other judges concurred.