[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is a paternity petition alleging that the defendant is the father of a minor child Keith Edward Knowles, born to the plaintiff mother on September 12, 1972. The named plaintiff is a IV-D applicant, and the petition has been filed on her behalf by the Department of Human Resources pursuant to General Statutes 17-31i(h), since renumbered as 17-578(h). The petition was served on the defendant in November, 1989. The defendant appears by his counsel. On July 31, 1990, the defendant moved for summary judgment.
The motion, filed under Practice Book 378, claims that there is no genuine issue of material fact. The motion is accompanied by a brief, but no affidavits or transcripts as to the facts. The State, after numerous continuances, on February 20, 1991, filed an objection on the grounds that the defendant's failure to file affidavits, transcripts, disclosures, or written admissions, as required by Practice Book 380[1]
fatally flaws the motion for summary judgment.
The State is correct in its technical objection, although abundant grounds more substantial exist to deny the motion for summary judgment. The practice book section provides a rather broad spectrum of documents which may be filed in support of a motion for summary judgment. A brief is not one of them. The filings mentioned — affidavits, transcripts, admissions, and the like — have in common the purpose of setting forth "such facts as would be admissible in evidence" to support the claim that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 381, 384 [emphasis added].
The usual purpose of a brief is to argue the law, rather than establish facts, and therefore would not usually satisfy the filing requirement of 380. Certainly, the brief filed in this instance does not comply with the requirement. It raises no facts to support the motion. Indeed, it does not even discuss the claim of the motion for summary CT Page 3654 judgment, but instead, launches a scattershot attack on the constitutionality of the paternity statutes.
"The burden of establishing the absence of a genuine issue of material fact and the entitlement to recovery as a matter of law lies with the moving party." Zapata v. Burns, 207 Conn. 496, 542 A.2d 700 (1988); Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984); Kakadelis v. DeFabritis, 191 Conn. 276, 281, 464 A.2d 57 (1983); Young v. Marx, 24 Conn. App. 81, 84, A.2d (1991); Sheriden v. New Fairfield Board of Education, 20 Conn. App. 231, 240, 565 A.2d 882 (1989); Lomangino v. LaChance Farms, Inc., 17 Conn. App. 436, 553 A.2d 197 (1989). "The facts presented must be viewed in the light most favorable to the nonmoving party." Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031 (1988); Rawling v. New Haven, 206 Conn. 100, 105, 537 A.2d 439 (1988); Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 477 A.2d 1005 (1984); D.H.R. Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 908 (1980). The petition alleges that Joyce Knowles conceived the child "by Jeffrey Phillips". The defendant has raised no question of fact to challenge that allegation. There is a genuine issue of fact. The motion for summary judgment must be denied.
The constitutional attack by the defendant is not appropriate for a motion for summary judgment. Such a challenge could have been raised by a motion to strike, pursuant to Practice Book 151, et seq. Cavallo v. Derby Savings Bank 188 Conn. 281, 283, 449 A.2d 986 (1982). However, although improperly raised, this Court does not wish any reticence to address these issues to be read as an invitation to further delay trial on the merits by filing of a motion to strike at this time.[2]
The defendant, citing Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509,20 L.Ed.2d 436 (1968), argues that the defendant is denied equal protection of the laws under the Fourteenth Amendment of the United States Constitution. The defendant argues that the question of "legitimacy of the child, or the marital status of the parent, is not a permissible basis for classification . . . ."
Secondly, the defendant argues that the paternity statutes unconstitutionally "arbitrarily distinguish the father of an illegitimate child from its mother, thereby denying him equal protection of the laws", citing Reed v. Reed, 404 U.S. 71,92 S.Ct. 251, 30 L.Ed.2d 225 (1971) and Staney v. Illinois, 405 U.S. 645,92 S.Ct. 1208, 31 L.Ed.2d 551 (1972).
It appears that counsel inexplicably stopped researching his issue at somewhere around 1972, or perhaps 1979. While he makes passing reference to the decision of the appellate session of the superior court in Cross v. Wilson, 35 Conn. Sup. 628, 403 A.2d 1103 (1979), he neglected to mention that the decision essentially rejected his very argument, and specifically held that the statute, as then written, involved "no unlawful discrimination based upon sex . . . ." Id., at 636. Nor did he mention CT Page 3655 that State v. Griffin, 35 Conn. Sup. 603, 401 A.2d 62 (1978), also upholds the paternity statutes as then written.
Curiously, the defendant did not cite family support magistrate decisions such as Pare v. Cancel, 2 S.M.D. 111 (1988), which, in part, recognized the arguments proffered by the defendant. In Pare, the court concluded that the issue did not compel a finding that the statute was unconstitutional, but rather, mandated that the ability to pay must be considered in determining a support order even if the child is on public assistance.[3] Id., at 128-9. See, Colon v. Rodriguez, 2 S.M.D. 138 (1988); Huck v. Nudolny, 2 S.M.D. 144 (1988). See also, Zapata v. Burns,207 Conn. 496, 507, 542 A.2d 700 (1988).
It is perhaps understandable that counsel did not find those cases of the family support magistrate division. Although available in the loose-leaf Family Support Magistrates Digest (cited S.M.D.), which is available in most law libraries in the state, these cases are not "officially" reported or indexed. It is perhaps more difficult to comprehend why counsel apparently missed several amendments to General Statutes 46b-171 and related statutes dealing with child support. These amendments essentially adopt the result of Pare v. Cancel by requiring the court to take into account the ability of the respondent to pay, and the child support guidelines, in computing both current support and arrearages. Public Acts 90-188; 89-360 42, 43; 89-203. The child support guidelines apply equally to children born out-of-wedlock and those issue of marriage; to those on or off AFDC; to mothers and fathers. The family support magistrates have universally applied the same standards to all child support orders, as is mandated by comprehensive application of our present child support statutes as now amended. Child support law in Connecticut has addressed and moved well beyond the constitutional arguments of this defendant, which are sufficiently outdated as to border on frivolous.
The motion for summary judgment is denied. This matter is assigned for trial on the merits before the family support magistrate division at the Litchfield court house at 10:00 a.m. on Monday, May 13, 1991. Counsel are directed to complete any discovery or other ancillary procedures prior to that date, and to be ready for trial.
Harris T. Lifshitz Family Support Magistrate