[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO REQUEST FOR LEAVE TO AMENDANSWER, # 148
The plaintiff, Catherine Coburn, filed a second revised complaint on June 30, 1994, against her parents, William Ordner and Bernadine Ordner. The plaintiff was born on September 11, 1963. The eleven count complaint alleges that from November 1967 through January 1980, her father continually and intentionally engaged in sexual activities with her. The claims against the defendant mother arise through her intentional, reckless and negligent failure to protect the plaintiff, the infliction of emotional distress and a civil conspiracy to commit sexual assault.
On February 6, 1995, the defendant mother filed an amended motion for summary judgment and a memorandum in support of the motion based on the grounds of parental immunity and statute of limitations. On March 23, 1995, the court, Gormley, J., denied the motion ruling that neither parental immunity nor the applicable statute of limitations bar the action against the defendant mother.
On July 20, 1995, the defendant mother filed a request for leave to amend her answer. Her amendment pleads two special defenses not alleged in her November 2, 1994 answer. On July 28, 1995, the plaintiff filed an objection to the request for leave to amend answer.
The request for leave to amend is made pursuant to Practice Book § 176. It states, in pertinent part, that "a party may amend his pleadings or other parts of the record or proceedings . . . in the following manner . . . (c) By filing a request for leave to file such amendment, with the amendment appended. . . ." Our Supreme Court has provided guidance for the trial court in deciding whether to allow an amendment to a pleading. It stated:
 While our courts have been liberal in permitting amendments . . ., this liberality has limitations. CT Page 12540 Amendments should be made seasonably. Factors to be considered in passing on a motion to amend are the length of delay, fairness to the opposing party and the negligence, if any, of the party offering the amendment. . . . The motion to amend is addressed to the trial court's discretion which may be exercised to restrain the amendment of pleadings so far as necessary to prevent unreasonable delay of the trial.
(Citations omitted; internal quotation marks omitted.)Connecticut National Bank v. Voog, 233 Conn. 352, 364,659 A.2d 172 (1995).
The plaintiff argues that the defendant's amendment to her answer should have been pleaded prior to the closing of the pleadings on March 21, 1995. No new information has been disclosed by the plaintiff since the defendant filed her first answer, and the defendant should not be able to allege "two special defenses which, heretofore, had not been raised."
The court observes that Judge Gormley has previously ruled on the issues raised in the special defenses. (See Memorandum of Decision: Motion for Summary Judgment of Bernadine Ordner). Nevertheless, an objection to the request for leave to amend is not the proper vehicle to challenge the special defenses based on Judge Gormley's ruling. See Reiner v. Town of Harwinton,
Superior Court, judicial district of Litchfield, Docket No. 054202 (April 13, 1992, Pickett, J.). Moreover, "[a] judge is not bound to follow the earlier decision of another judge in the same proceedings." Young v. Marx, 24 Conn. App. 81, 83,585 A.2d 1253 (1991).
The court is of the opinion that granting the request for leave to amend will not result in substantial delay in proceeding to trial or unfairness to the plaintiff.
Accordingly, the plaintiff's objection to the request for leave to amend is overruled.
MAIOCCO, JUDGE CT Page 12541